Clare J. Hoyt, J.
Petitioner, Town of Montgomery, New York, brings this proceeding pursuant to article 4 of the Civil Practice Law and Rules to enjoin respondent Village of Walden, N. Y., from terminating the sale of water to 11 named residents of the town, hereinafter called the residents, who live just outside the corporate limits of- the village. The petition alleges that these residents, living in two separate areas, have sought the formation of two water districts embracing their properties. Water is now being furnished these residents by the respondent *907 and the petitioner seeks to have such service continued pending the formation of the water districts at which time petitioner alleges the respondent may bo required to furnish water to the districts for the benefit of the residents thereof.
With the commencement of this proceeding petitioner obtained an order to show cause for a preliminary injunction and a temporary restraining order pending decision on the preliminary injunction. Respondent has moved for an order denying the preliminary injunction and dismissing the petition.
Petitioner’s applications are fatally defective on procedural as well as substantive grounds. Both will be considered. A special proceeding is instituted by service of a notice of petition and petition eight days before the time at which the petition is noticed to be heard (CPLR 403). Here, petitioner attempted to institute this proceeding by the service of a summons demanding service of an answer within 20 days thereafter.
The respondent in July, 1963 notified the residents and other consumers of village water outside its corporate limits that village water would not be supplied them subsequent to February 1, 1964. In January of 1964 and just prior to the termination date of village water supply to nonresidents thereof, the residents and certain others living outside the village and using village water commenced an article 78 proceeding seeking to annul the village’s determination to cease supplying them water on February 1, 1964. An action for a declaratory judgment was instituted and in connection therewith a preliminary injunction was sought staying the village from discontinuing the water service on February 1, 1964. A decision was rendered on January 27, 1964 by this court dismissing the article 78 proceeding and denying the temporary injunction unless the plaintiffs in that action could show the existence of binding contracts with the village obligating it to furnish water to them beyond the announced cut-off date. After the hearing had been held and before a decision had been rendered thereon the plaintiffs in that action (being all of the residents in this proceeding) and the village entered into a stipulation discontinuing the action on the merits without costs with the plaintiffs to execute and deliver releases to tin- village in return for which the village agreed to extend water service to them until May 1, 1964.
The preliminary injunction is thus sought in this proceeding and the stay pending a decision thereon has been granted since the residents allege that upon the expiration of this extension, May 1, 1964, they will be without village water.
*908 The same principles which governed the prior decision of this court still apply and compel denial of the relief sought by petitioner. A village in the absence of a contract has the power in its absolute discretion to discontinue the service or supply of water to nonresidents upon the giving of reasonable notice (see Op. St. Comp., 59-442). The right of a village to supply water outside its corporate limits is governed by section 232 of the Village Law. The section expressly prohibits the sale or use of water to nonresident properties if thereby the supply for the village or its inhabitants will be insufficient (see, also, 10 Op. St. Comp., 1954, p. 414). “ This section is permissive in nature and places no obligation upon the [village] to sell even 1 surplus ’ water to an outside user even though the benefit to him to be great and the disadvantage to the village small.” (Matter of Penn-Yorh Lanes v. Village of Waverly, 26 Misc 2d 150, 151.)
Petitioner confuses the power of the village to furnish water to nonresidents and its duty to do so. It has the power if, in its discretion, it so elects and does not thereby deprive inhabitants of the village of adequate water. The village, however, may never be compelled to furnish water outside the village unless it voluntarily contracts to do so. This it has not done. Nor can the termination of water service to the residents be said to be without reasonable notice. The history of the litigation between the village and the residents clearly shows the contrary.
In addition to the foregoing, the petitioner does not have the power or authority to commence an action or proceeding for the relief it here seeks. It cannot maintain a suit in a matter which does not affect it in its corporate character, or in which it has no interest as an organ of local government (17 McQuillin, Municipal Corporations [3d ed.], § 49.02, p. 139). This proceeding does not affect all of the inhabitants of the town in common (Town of Guilford v. Cornell, 18 Barb. 615, 635). Petitioner does not claim that it, in its governmental character, is affected by respondents’ determination to terminate water service to the residents owning property on the perimeter of the respondent village. The stay is thus vacated, the application for a preliminary injunction is denied and the petition is dismissed.