Lawrence H. Cooke, J.
Petitioner, the owner of certain hotel premises in the Town of Liberty but located outside the Village of Liberty, brings this article 78 proceeding for a judgment “ compelling Respondent to install water meters and supply and furnish water to Petitioner” at said premises. The petition alleges, in substance and among other things, that respondent, pursuant to a resolution passed by its Village Board, will not reconnect said premises to the village water system until arrears of $1,575.14 due for water from a previous owner of the hotel property are paid.
At this juncture and before answer, respondent moves for dismissal. The question before the court, on this motion, is not whether or not the petitioner is entitled to the relief it seeks, nor is it whether or not the allegations of the petition are true. Rather, it is whether the petition, on its face and assuming its allegations to be true, is insufficient as a matter of law (Matter of Ciminera v. Sahm. 4 N Y 2d 400, 402).
The Board of Water Commissioners of a village may sell to a corporation, individual or water district outside the village the right to make connections with the mains or reservoirs of such village for the purpose of drawing water therefrom and fix the prices and conditions therefor (Village Law, § 232). This statutory provision giving the village authority to sell water to an outside user is permissive in nature, placing no obligation upon a village to sell water, and the village may never be compelled to furnish water outside the village unless it voluntarily contracts to do so (Matter of Town of Montgomery v. Olley, 42 Misc 2d 906, 908; Matter of Penn-York Lanes v. Village of Waverly, 26 Misc 2d 150,151; 1965 Opns. A tty. Gen. 62). Here, based on the allegations of the petition, respondent has not contracted to furnish water to petitioner and, in effect, the parties have not agreed upon the terms of a contract, the terms of respondent not having been agreed upon or accepted by petitioner. Although one might question the advisability of the policy as enunciated in the Village Board resolution, that is not an issue before the court in this article 78 proceeding.
Petition dismissed.