[No. 1421-3.　Division Three.　May 17, 1976.]

VERNON G. BROOKENS, ET AL, *Appellants*, v. THE CITY OF YAKIMA, *Respondent*.

*Kenneth C. Hawkins*, for appellants.

*Fred H. Andrews, City Attorney*, for respondent.

McINTURFF, C.J.—Mr. and Mrs. Brookens (Brookens) appeal from a judgment dismissing their complaint for in-

junctive relief. By complaint, the Brookens ask the City of Yakima (City) be enjoined from withdrawing the supply of domestic water to their 11-acre tract of property. Based on the counterclaim by the City, the Brookens were permanently enjoined from using city water except as specifically permitted in two existing contracts with the City.

The Brookens own an 11-acre tract in a low density residential area ¼ to ½ mile *outside* the corporate limits of Yakima, Washington. The City maintains water mains in the area, on an easement across the Brookens' property and on Kern Way in front of their home. Pursuant to two contracts, the City has supplied water to their home and to a rental unit on a portion of their 11-acre tract since at least 1952. These contracts are specifically limited to supply of water to lots within the 11 acres which measure approximately 110 and 120 feet. The Brookens have extended use of the water through the existing water meters to the remainder of their land without the knowledge or permission of the City. Other homes on Kern Way and nearby 40th Avenue also receive city water. The Brookens now seek to compel the City to continue supplying water to a proposed 95-unit mobile home park on the remainder of their acreage. The City has refused because a 95-unit mobile home park within 11 acres would create a high population density contrary to the City's General Plan, which proposes a "low density residential" area of 6 dwellings per acre.

## ISSUE

Once the City extends supply of water outside its corporate limits by contract, may it refuse to increase the supply of water for failure of the user to comply with city land use regulations in that area, even though that area is presently outside the City? We answer in the affirmative.

A municipality may supply domestic water beyond its corporate limits within a 10-mile radius.[1] The power to supply water beyond corporate limits is permissive, with supply being a matter of contract between the municipal-

[1]RCW 35.91.020; *see* RCW 35.21.210 and RCW 35.92.010.

ity and property owners.[2] In the absence of contract, express or implied, a municipality cannot be compelled to supply water outside its corporate limits.[3]

We turn to the record seeking evidence of a contract, express or implied, for supply of water to the entire 11-acre tract, but to no avail. Two existing contracts between the City and the Brookens for supply of water are limited by their terms to two lots where existing homes are located. These contracts fail to create an express agreement for the supply of the entire tract. Nor does the record contain evidence of an express agreement to serve indiscriminately the general area in which the tract is located, which is a common contractual situation envisioned by RCW 35.91.020.[4]

■ A contract to supply water may also be found by implication, as where a municipality holds itself out as a public utility willing to supply all those who request service in a general area.[5] However, the record reflects no holding out by the City from which to imply a general offer

---

[2]*Steilacoom v. Thompson*, 69 Wn.2d 705, 707-08, 419 P.2d 989 (1966).

[3]*Montgomery v. Olley*, 42 Misc. 2d 906, 249 N.Y.S.2d 205, 208 (1964); *Crawford v. Billings*, 130 Mont. 158, 297 P.2d 292, 295 (1956); 12 E. McQuillin, *Municipal Corporations* § 35.34(c) and 35.35(g). Also, *see* Annot., 48 A.L.R.2d 1222 and cases cited therein which states at page 1230:

> [A] city cannot be compelled to supply water to anyone outside its limits, even if it is already engaged in doing so in a given extra-territorial area, where it has made merely limited and special contracts to do so with particular parties and has not placed itself by contract or conduct in the position of a public utility subject to regulations,
>
> . . .

(Footnote omitted.)

[4]RCW 35.91.020 states in pertinent part: "The governing body of any city . . . may contract with owners of real estate . . . to serve *the area* in which the real estate of such owners is located, . . . . (Italics ours.)

[5]*Milwaukee v. Public Serv. Comm'n*, 268 Wis. 116, 66 N.W.2d 716, 721 (1954). The Brookens cite *Faxe v. Grandview*, 48 Wn.2d 342, 294 P.2d 402 (1956), for the proposition that Yakima held itself out as a public utility for the general area and therefore cannot cut off water except for nonpayment of the water bill. This case concerned reasonableness of *rates* for service outside the corporate limits, and not the creation of the initial contract for supply. We find no applicability.

to supply any and all landowners, or to supply the Brookens individually. We do not find the presence or absence of a water main in front of a home, which main supplies other homes in the area, necessarily to be holding out of such an intent. On the contrary, adoption by the City of a 1968 resolution to supply water only when the user complies with the Yakima General Plan for land use clearly manifests an intent not to supply the general area indiscriminately, nor expand any prior agreement with the Brookens. The 1968 resolution predates this action by 3 years.

The motives of the City in the present action are immaterial but we note that the denial of water was based upon failure of the proposed mobile home park to comply with the Yakima General Plan. This decision may indirectly extend the police power of the City beyond its corporate limits by allowing the withholding of water to compel compliance with these land use regulations. Even so, we cannot compel the City to contract, pursuant to RCW 35.91.020, against its will.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied June 28, 1976.

Review denied by Supreme Court November 12, 1976.