In the Matter of Oneonta Star Division of Ottaway Newspapers, Inc., Appellant, v Board of Trustees of the Oneonta School District, Respondent.

Third Department, January 25, 1979

52

APPEARANCES OF COUNSEL

*Becker, Card, Levy & Richards, P. C. (Joseph Sluzar* and *Rodney A. Richards* of counsel), for appellant.

*Joseph T. Pondolfino, Jr.,* for respondent.

**OPINION OF THE COURT**

MAIN, J.

During the summer of 1977, the City of Oneonta (City) and the Oneonta School Board were faced with problems of mutual concern and, as a consequence, the Mayor of the City, on July 20, 1977, wrote to the president of the Board of Trustees of the Oneonta School District (Board) suggesting that the writer, a committee of four from the city council and the members of the Board meet for the purpose of discussing "two areas of mutual concern." The superintendent of schools

responded to that letter by indicating that the Board would be happy to meet with the city council "in a closed session". On July 26, 1977, the Mayor, the council committee and the full Board met. Apparently, no notice of the meeting was published or posted but nonetheless an employee of the petitioner and others presented themselves for the purpose of attending the meeting but were asked to leave and did so. While there is sharp dispute as to what actually occurred at the meeting, it is fair to say that the two areas discussed concerned the possible sale of the junior high school and the contemplated applications for funds under the Public Works Act by both the City and the Board.

Sometime thereafter, claiming that respondents had violated provisions of the New York Open Meetings Law (Public Officers Law, art 7) the petitioner commenced the underlying proceeding pursuant to section 102 of the Public Officers Law requesting that the court define certain operative provisions of the law and that the respondents be directed to comply with the law. Petitioner, simultaneously, moved for discovery pursuant to the provisions of CPLR 408. The City interposed an answer denying any violation and asserting, in substance, that the meeting was nothing more than an informal conference to determine in what direction they should work together. The Board moved to dismiss the proceeding pursuant to CPLR 3211 upon the ground that no cause for action was stated. Special Term granted the motion to dismiss and the petitioner appeals. No notice of appeal was ever served upon the City of Oneonta so it is not a party to this appeal.

■ The pleadings' primary mission is to give notice of the event out of which the grievance arises. If the allegations also cover the substantive material elements that make up the particular cause of action relied on, the second requirement is met and the pleading satisfies the CPLR. The major challenge a pleading meets is a motion under CPLR 3211 (subd [a], par 7) to dismiss for failure to state a cause of action, and a pleading which meets the two stated requirements successfully defeats that motion (Siegel, NY Practice p 245).

■ It has recently been established that if any private or secret meetings or assemblages of a public entity are held when a quorum of its members is present and when the topics for discussion and eventual decision are such as would otherwise arise at a regular meeting a violation of the New York Open Meetings Law occurs (see *Matter of Orange County*

*Pub., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, affd 45 NY2d 947). In the case at hand, it is alleged, *inter alia,* that a quorum of the Board was present, that the meeting was private, and that the subjects of the meeting were such that they would ordinarily arise at a public meeting.

In an attempt to distinguish and thereby seek refuge from the clear message of *Orange County Pub. (supra)* the Board points out four differences which it considers are of significance. First, the case at hand involves two municipal entities, not one. Second, we are here concerned with but one isolated and a one of a kind meeting and not work sessions which were held on a regular basis. Thirdly, respondent notes that any discussions concerning the sale of real property are properly held in executive session and, lastly, that an application for securing Federal funds through the Economic Development Association is not a procedure which is required to be voted upon at a public hearing. In our view these differences are without any significance. The first two pale when we examine the very clear language of the statute which provides: *"Every meeting of a public body"* (Public Officers Law, § 98; emphasis added). No reasonable rule of construction could permit the conclusion that joint meetings or infrequent meetings by public entities are to be excepted. Referring to the third claimed distinction, it is true that section 100 (subd 1, par h) of the Public Officers Law does provide the opportunity for an executive session when the sale of real property is a subject for discussion. However, it must first be shown that publicity would substantially affect the value of the property. Moreover, employment of the executive session procedure cannot be utilized until the appropriate motion is made and adopted at an open meeting of the public entity involved (Public Officers Law, § 100). As to the last claimed distinction, we would only point out that the applications for Federal funds and the priorities to be attached thereto are matters of public concern and are the public's business.

In construing subdivision 1 of section 97 of the Public Officers Law, the respondent Board adopted an extremely narrow view and has placed undue reliance on the phrases "formal convening" and "officially transacting public business" and such a view abuses the clear intent of the Legislature. If the Board's interpretation were to be accepted the deliberative process would be unavailable for public scrutiny.

As was well stated by Mr. Justice RABIN in *Orange County Pub.* (60 AD2d 409, 415, *supra):* "[T]he Legislature intended to include more than the mere formal act of voting or the formal execution of an official document. Every step of the decision-making process, including the decision itself, is a necessary preliminary to formal action. Formal acts have always been matters of public record and the public has always been made aware of how its officials have voted on an issue. There would be no need for this law if this were all the Legislature intended. Obviously, every thought, as well as every affirmative act of a public official as it relates to and is within the scope of one's official duties is a matter of public concern. It is the entire decision-making process that the Legislature intended to affect by the enactment of this statute."

That this was their intent finds further support in the fact that they made provision for executive sessions (Public Officers Law, § 100). If the Board's contention—that public bodies are permitted to convene, in private, at gatherings they themselves classify as informal—be accepted, there would be no need to provide for executive sessions. The Board's construction must be rejected in view of the definite and broad public policy expressed by the Legislature in section 95 of the Public Officers Law *(Matter of Orange County Pub., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, affd 45 NY2d 947, 950, *supra* [concurring opn COOKE, J.]).

◼ Accordingly, a cause of action is alleged under the New York Open Meetings Law and the judgment and order must be reversed (cf. *Matter of Binghamton Press Co. v Board of Educ.,* 67 AD2d 797, with *Matter of Daily Gazette Co. v North Colonie Bd. of Educ.,* 67 AD2d 803). Whether discovery should be permitted and, if so, to what extent is a matter to be determined by Special Term.

The judgment and order should be reversed, on the law and the facts, without costs, and the matter remitted to Special Term for further proceedings consistent herewith.

MAHONEY, P. J., GREENBLOTT, SWEENEY and MIKOLL, JJ., concur.

Judgment and order reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings consistent herewith.