■ In the Matter of BINGHAMTON PRESS COMPANY, INC., et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF BINGHAMTON et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 14, 1978 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking declaratory and injunctive relief compelling respondents to comply with the provisions of article 7 of the Public Officers Law (Open Meetings Law). In this article 78 proceeding petitioners seek both declaratory and injunctive relief. Specifically, petitioners seek a declaration that certain "work sessions" held by respondents were "meetings" within the meaning of article 7 of the Public Officers Law (Open Meetings Law). Petitioners also seek to compel respondents to comply with the provisions of said article. Special Term concluded the work sessions were not meetings within the meaning of subdivision 1 of section 97 of the Public Officers Law

and dismissed the proceeding. This appeal ensued. Petitioners contend the sessions violated the Open Meetings Law since no notice was given to the public or news media and no minutes were taken. Petitioners also maintain that two of their reporters were excluded from two sessions. It is significant that the major topic of discussion at the work sessions was the proposed consolidation of the Binghamton city high schools, a subject that could not be considered in executive session (Public Officers Law, § 100). While respondents admit that some sessions were held without giving notice, they contend that the sessions were not "meetings" within the meaning and intent of the Open Meetings Law. This precise issue was recently considered by the Court of Appeals wherein they affirmed on the opinion of Justice Rabin a decision of the Second Department in *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh* (60 AD2d 409, affd 45 NY2d 947). This decision, in our view, is largely dispositive of the instant controversy. In *Orange* the court stated that (p 415), "the Legislature intended to include more than the mere formal act of voting or the formal execution of an official document. Every step of the decision-making process, including the decision itself, is a necessary preliminary to formal action". In light of this language the sessions held by respondents were meetings within the purview of the Open Meetings Law and Special Term erred in concluding otherwise *(Matter of Oneonta Star Div. of Ottaway Newspapers v City of Oneonta,* 66 AD2d 51; cf. *Matter of Daily Gazette Co. v North Colonie Bd. of Educ.,* 67 AD2d 803). We now pass to the specific injunctive relief requested. The record reveals that once respondents became aware of the Second Department's decision in *Orange County,* it adopted an amendment to its by-laws, albeit after the commencement of this proceeding, providing that its work sessions be open to the public. Petitioners, nevertheless, maintain they should be granted the injunctive relief since the resolution was not adopted in good faith. Special Term concluded respondents made no attempt to evade the law "but on the contrary their good faith is evident". We agree. There is nothing in the record to demonstrate that the resolution was not adopted in good faith. The denial by Special Term of the drastic remedy of injunctive relief, therefore, should be affirmed. Judgment modified, on the law and the facts, by reinstating the petition insofar as it seeks declaratory relief, and judgment directed to be entered in favor of petitioners declaring that respondents' work sessions are meetings within the meaning of the Open Meetings Law, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.