In the Matter of DAILY GAZETTE Co., INC., Appellant, v NORTH COLONIE BOARD OF EDUCATION, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 19, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking an adjudication that respondent was in violation of article 7 of the Public Officers Law and permanently restraining respondent from holding committee meetings which are not open to the public. The sole issue involved on this appeal is whether or not the respondent's committee meetings are subject to the Open Meetings Law (Public Officers Law, art 7). Respondent is a nine-member board of education which, pursuant to its by-laws, has seven standing committees. None of the standing committees consist of more than four board members and at least two members of a committee must be present before they can meet. It is the respondent's policy that these committee meetings be closed to the public. Petitioner instituted this proceeding seeking a declaration that respondent's committee meetings must be open to the public pursuant to the Open Meetings Law. Special Term held that respondent's committee meetings were not subject to the Open Meetings Law and this appeal ensued. Except

for executive sessions, every meeting of a public body must be open to the general public (Public Officers Law, § 98, subd [a]). A " 'Meeting' " is defined as the formal convening of a public body for the purpose of officially transacting public business (Public Officers Law, § 97, subd 1). A " 'Public body' " is any entity performing a governmental function which consists of at least two members for which a quorum is required in order to transact public business (Public Officers Law, § 97, subd 2). The respondent's standing committees merely make recommendations to the full board. They do not have the power to transact any public business. Public business can only be transacted by the full board and it is undisputed that meetings of the board for this purpose must be open to the public. We distinguish the reasoning of the Second Department in *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh* (60 AD2d 409, affd 45 NY2d 947). Since the standing committees of the respondent are not given any authority to make final decisions on any matters but merely make recommendations on various subjects to the entire board, they are not transacting public business. Accordingly, meetings of the standing committees are not "meetings" as defined by the Open Meetings Law and are not subject to its provisions (cf. *Matter of Binghamton Press Co. v Board of Educ.,* 67 AD2d 797; *Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees of Oneonta School Dist.,* 66 AD2d 51). In any event, it does not appear that the standing committees come within the statutory definition of a "public body". An entity is not a "public body" unless a quorum is required in order for it to transact public business (Public Officers Law, § 97, subd 2). While it is not clear whether a committee would need a quorum of itself or of the entire body from which it is drawn in order to constitute a "public body", the respondent's standing committees do not require either. The committees range in size from two to four members and cannot meet unless at least two members are present. Since a committee with four members can meet with only two members present, a quorum of neither the committee nor the entire board is required and thus these committees are not "public bodies." Petitioner argues that, if the Open Meetings Law does not apply to all discussions held by a public body or one of its committees, the provisions made for executive sessions (Public Officers Law, § 100) become meaningless. This argument is without merit. The provisions dealing with executive sessions provide a mechanism whereby public bodies can transact certain enumerated matters of public business in closed meetings. Our holding in this case, that committees which meet to review matters and make recommendations to the full board are not transacting public business, does not make the provisions for executive sessions meaningless. Executive sessions are still the only vehicle by which a public body can transact public business without opening its meetings to the general public. Finally, the situation in this case is unlike that found in *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh (supra),* where a public body which had the authority to transact public business tried to circumvent the requirements of the Open Meetings Law by holding private "work sessions". Only an entity which is subject to the Open Meetings Law could try to escape its provisions. The standing committees of the respondent, which are not empowered with the authority to transact any public business, are not even within the purview of the statute and thus cannot be guilty of trying to avoid its requirements. Accordingly, Special Term was correct in dismissing the petition. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.