In the Matter of ANTHONY J. SCIOLINO, Individually and as a Member of Rochester City Council, Respondent, v THOMAS P. RYAN, JR., et al., Appellants. (Appeal No. 1.)

In the Matter of GANNETT CO., INC., et al., Respondents, v CITY OF ROCHESTER et al., Appellants. (Appeal No. 2.)

Fourth Department, June 29, 1981

### APPEARANCES OF COUNSEL

*Louis N. Kash, Corporation Counsel* and *Thomas A. Fink* for appellants.

*Anthony J. Sciolino* respondent *pro se* in Appeal No. 1.

*Nixon, Hargrave, Devans & Doyle (Robert C. Bernius* of counsel), for respondents in Appeal No. 2.

### OPINION OF THE COURT

MOULE, J.

The question presented on this appeal is whether certain gatherings of members of the Rochester City Council, and

other public officers, are required to be open to the public under the Open Meetings Law (Public Officers Law, §§ 95-106).

The Rochester City Council (Council), the legislative governing body of the City of Rochester, holds regular public meetings twice a month on Tuesdays. On most Thursday afternoons respondents, the eight Democratic members of the nine member Council, meet in the office of the Mayor of Rochester at his invitation. Members of the city's administrative staff, including the City Manager and City Clerk, are frequently invited and attend these sessions, with occasional invitations extended to members of advisory boards and commissions, and consultants under contract with the City of Rochester. The sole Republican member of the Council, representatives of the news media and the general public are excluded from these meetings. These closed sessions held prior to the public meeting are apparently a custom, having also been conducted by the Republican members of the Council when they were in the majority.

At these sessions the majority receives information relating to city government matters likely to come before the entire Council, and discusses such matters. The frequent result of these discussions are decisions to include or not to include an item on the agenda of the regular public Council meeting, to communicate with the leader of another legislative body or to support a bill in the State Legislature.

On May 8, 1980 petitioner in the first proceeding, Anthony J. Sciolino, the Republican member of the Council, attempted to attend one of these closed sessions but was denied admission. On May 22, 1980 and June 5, 1980 newspaper reporters for petitioner in the second proceeding, Gannett Co., Inc., also requested admission to these sessions but were denied. On these three occasions, petitioners observed at least six members of the Council's Democratic majority.

On June 4, 1980 petitioner Sciolino commenced a CPLR article 78 proceeding seeking a judgment that the term "meeting" within the meaning of the Open Meetings Law includes a majority gathering of the Council, regardless of political affiliation, where topics of discussion and deci-

sion are such as would arise at a regular meeting; that the closed sessions held by the Democratic majority are public meetings within the Open Meetings Law, and not a "political caucus" (Public Officers Law, § 103, subd 2); and that further closed sessions be prohibited unless petitioner and the public are notified and allowed to attend. Petitioner Gannett Co., Inc., commenced a CPLR article 78 proceeding on July 17, 1980 seeking a judgment that respondents' closed sessions were public meetings and an order that respondents admit petitioner to the sessions. In response to both proceedings, respondents moved to dismiss on the ground that the petition failed to state a cause of action, based on the claim that the sessions were "political caucuses" and exempt from the requirements of the Open Meetings Law (Public Officers Law, § 103, subd 2).

The two proceedings were consolidated, and respondents agreed to allow their motions to dismiss to be treated as answers and to have judgment granted on the undisputed facts. Judgment was granted for petitioners, the court determining that the closed sessions were meetings within the Public Officers Law, and ordering that respondents notify the public and petitioner Sciolino of further meetings and allow them to attend *(Matter of Sciolino v Ryan*, 103 Misc 2d 1021).

Respondents' first contention on appeal is that the political majority of a legislative body is not a quorum or a public body within the meaning of the Open Meetings Law. Specifically, they contend that, since the Democratic majority has no authority to conduct public business or perform any governmental function, and possesses no power to bind the entire Council or the municipal corporation, it is a political majority, not a quorum.

The intent behind the enactment of the Open Meetings Law was the performance of public business in an open and public manner, with the public able to attend and listen to the deliberations and decisions that go into the making of public policy (Public Officers Law, § 95). Every meeting of a public body is required to be open to the general public (Public Officers Law, § 98). A "meeting" is the official convening of a public body to conduct public business; a "public body" is any entity for which a quorum consisting

of two or more members is required to conduct public business (Public Officers Law, § 97, subds 1, 2).

By enactment of the Open Meetings Law, the Legislature intended to affect the entire decision-making process, not just the formal act of voting or the formal execution of an official document *(Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, affd 45 NY2d 947). The statute encompasses private meetings, attended by only a quorum of the members of a public entity, at which the matters for discussion and eventual decision are such as would otherwise arise at a public meeting *(Matter of Britt v County of Niagara,* 82 AD2d 65; *Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees of Oneonta School Dist.,* 66 AD2d 51). It is not necessary that an entity have binding authority for it to be considered a public body; it is within the meaning of the Open Meetings Law if its determinations affect the public and eventually obtain substance in official form *(Matter of Syracuse United Neighbors v City of Syracuse,* 80 AD2d 984).

The closed sessions of the Council's Democratic majority constitute meetings within the scope of the Open Meetings Law. A majority of the nine member Council constitutes a quorum (Rochester City Charter, § 5-7), and it is undisputed that a quorum was present at the three closed sessions to which petitioners sought admission. The decisions of these sessions, the legislative future of items before the Council, although not binding, affect the public and directly relate to the possibility of a municipal matter becoming an official enactment. To keep the decision-making process of all but one of the members of the Council secret, simply because they term themselves a "majority" instead of a "quorum", allows the public to be aware of only legislative results, not deliberations, violating the spirit of the Open Meetings Law and exaulting form over substance *(Matter of Syracuse United Neighbors v City of Syracuse, supra).*

Respondents' second contention on appeal is that the closed sessions are within the exemption from the Open Meetings Law extended to the "deliberations of political * * * caucuses" (Public Officers Law, § 103, subd 2). The term "political caucuses" is not defined by the statute.

Respondents contend that the phrase "political caucus" should be interpreted to apply to a political majority of a legislative body regardless of what it discusses.

An expansive definition of a political caucus, as urged by respondents, would defeat the purpose of the Open Meetings Law that public business be performed in an open and public manner (Public Officers Law, § 95), for such a definition could apply to exempt regular meetings of the Council from the statute. To assure that the purpose of the statute is realized, the exemption for political caucuses should be narrowly, not expansively, construed. The entire exemption is for the "deliberations of political committees, conferences and caucuses" (Public Officers Law, § 103, subd 2), indicating that it was meant to prevent the statute from extending to the private matters of a political party, as opposed to matters which are public business yet discussed by political party members. To allow the majority party members of a public body to exclude minority members, and thereafter conduct public business in closed sessions under the guise of a political caucus, would be violative of the statute (see *Matter of Syracuse United Neighbors v City of Syracuse, supra*).

Accordingly, the judgments appealed from should be affirmed.

CARDAMONE, J. P., SIMONS, CALLAHAN and DOERR, JJ., concur.

Appeal No. 1.—Judgment unanimously affirmed with costs.

Appeal No. 2.—Judgment unanimously affirmed with costs. Same opinion as in Matter of *Sciolino v Ryan*, Appeal No. 1, 81 AD2d 475, decided herewith.