OPINION OF THE COURT
George A. Murphy, J.
In this CPLR article 78 proceeding the petitioner, William Puka, seeks to enjoin the respondents from implementing a budget allegedly adopted on April 28, 1983 by the respondent Board of Trustees for the Incorporated Village of Valley Stream as well as to enjoin the village from levying, extending and billing any real property taxes. Petitioner also seeks a determination that the budget adopted on April 28, 1983 was null and void and that the meeting of April 28 was conducted in violation of the Open Meetings Law (Public Officers Law, art 7).
The respondents, Mayor Greco, trustees Clavin and Igoe, the village treasurer Olsen, and the budget officer Mastromarino, have cross-moved to dismiss the petition.
The respondent trustees Hammond and Kerner seek to have the adopted budget annulled as illegal and void and have cross-moved for the appointment of independent counsel to represent their interests which are contrary to that of the majority of the board of trustees.
The accuracy of both the proposed tentative budget and adopted budget have been challenged.
The petitioner is a resident taxpayer and property owner in the village.
According to petitioner, a proposed tentative budget was filed in the office of the village clerk on March 31, 1983 by the prior administration. The tentative budget had a proposed tax rate of $8.70 and would have resulted in a tax reduction of approximately 20 cents.
The final budget hearing was scheduled for April 14, 1983 at 8:30 p.m. However, due to the absence of a quorum of the board of trustees the hearing was adjourned from day to day until April 19, 1983. On that date trustees Hammond and Kerner waived any right to comment and *698 publicly refused to comment claiming that they did not have sufficient time to consider, study or analyze the budget suggestions proffered by the village treasurer and the budget officer.
At the conclusion of the hearing, the Acting Mayor announced that there would be a special meeting of the board of trustees on April 28, 1983 for the sole purpose of adopting the budget. A notice to this effect was duly published as required by the Village Law and the Public Officers Law.
The petitioner then claims that the majority of the board of trustees informally gathered prior to the April 28 meeting and allegedly discussed the budget.
Hammond and Kerner, the minority members of the board, claim to have been present at the gathering but refused to participate claiming that they were unable to discuss the budget intelligently after having been excluded from the deliberations that formulated the basis for the changes in the tentative budget.
When the public meeting was convened, Mayor Greco precluded any public discussion on the budget and as presiding officer demanded a vote on the revised budget. The tentative budget, as revised, was adopted by the majority of the board with the two dissenting votes cast by trustees Hammond and Kerner.
The adopted budget provides for a tax rate of $9.29 and resulted in a slight tax increase.
Petitioner Puka and respondents Hammond and Kerner . contend that the public was not given the opportunity to offer their thoughts and suggestions to the board of trustees on the adopted budget. In addition, it is claimed that the so-called “back-room” meeting was in violation of the Open Meetings Law and rendered void the action taken by the board of trustees.
The majority of the board of trustees together with the village treasurer and budget officer argue that the budget was duly adopted pursuant to the requirements of the Village Law. They contend that the public was afforded a full and complete opportunity to discuss the budget at the hearing on April 19 and that a further hearing was unnecessary.
*699 In addition, it is argued that the Mayor, as the presiding officer, has the inherent power to recognize or withhold recognition of any person at a board meeting including the trustees.
They further claim that the purported “back-room” meeting was not in violation of the Open Meetings Law.
This gathering, according to trustee Clavin, was informal and developed simply by chance, not design because the members of the board had decided to gather in the Mayor’s office prior to the formal meeting. Mayor Greco represents to the court that petitioner was refused admittance due to the fact that the board was discussing personnel problems.
The request for independent counsel is opposed on the ground that the attorney for the village has not been disqualified and can adequately represent all of the respondents.
The court cannot, and will not, substitute its judgment for the determination of the board of trustees which is charged with the responsibility to adopt the village budget unless it is shown that such determination was arbitrary, capricious or unreasonable, or was the result of improper conduct or was based upon an erroneous conception of a rule of law (5 NY Jur 2d, Article 78, § 12).
ADOPTION OF BUDGET
Subdivision 1 of section 5-508 of the Village Law provides:
“The village clerk shall present the tentative budget to the board of trustees at a regular or special meeting to be held on or before the thirty-first day of March * * * At such meeting the board of trustees shall review the tentative budget and make such changes, alterations and revisions as it shall consider advisable, provided that:
“a) The statement of the amount estimated for any object or purpose for which an appropriation is required to be made by law shall not be reduced below the minimum so required.
“b) The board of trustees shall enter in its minutes a statement of the basis for any increase in or addition to any statement of estimated revenues.”
*700 Subdivision 3 of section 5-508 provides: “A public hearing shall be held upon the tentative budget, as changed, altered or revised, on or before the fifteenth day of April * * * The hearing may be adjourned from day to day but not beyond the twentieth day of April”.
Subdivision 4 of section 5-508 provides: “After completion of the public hearing, the board of trustees may further change, alter and revise the tentative budget, subject, however, to the conditions and restrictions imposed by subdivision one of this section. Such budget, as so revised, shall be adopted by resolution not later than the first day of May * * * In the event the board of trustees shall fail to adopt on or before the first day of May * * * the tentative budget, with such changes, alterations and revisions as shall have been made by resolution of the board of trustees, shall constitute the budget for the ensuing fiscal year.”
Here, the tentative budget was filed with the village clerk as required by statute. In addition, a public hearing was conducted on April 19 and the public, as well as trustees Hammond and Kerner, were afforded the opportunity to comment on the tentative budget as is confirmed by the transcript of the hearing. Moreover, due notice of the hearing, as required by subdivision 3 of section 5-508 of the Village Law, was given. Finally, the lengthy and detailed budget message issued by Mayor Furey which accompanied the publication and filing of the tentative budget was additional timely and significant public comment on the budget issue.
Subdivision 4 of section 5-508 of the Village Law permits the board of trustees to change, alter and revise the tentative budget after the hearing and does not require a further hearing prior to such revision.
Subdivision 2 of section 4-412 of the Village Law states that the Mayor shall preside at the meetings of the board of trustees (see, also, Village Law, § 4-400, subd 1, par a). Subdivision 2 of section 4-412 further states that the board of trustees may determine its rules of procedure. Here, there is no allegation or proof that the Mayor, by precluding any speakers from commenting and then demanding a vote on the budget, departed from any rule of *701 procedure of the board. In this regard, the court notes that it is presumed that no officer or person acting under an oath of office will do anything contrary to his official duties (Matter of Marcellas, 165 NY 70, 77; Matter of Whitman, 225 NY 1, 9; Culp v City of New York, 146 App Div 326). This presumption of regularity compels the petitioner to come forward with affirmative allegations and evidence of unlawful or irregular conduct (Richardson, Evidence [10th ed], § 72, p 49; People v Richetti, 302 NY 290). This, the petitioner has failed to do.
OPEN MEETING
The Open Meetings Law (Public Officers Law, art 7) provides that every meeting of a public body except for an executive session shall be open to the general public and defines the word “meeting” as “the formal convening of a public body for the purpose of officially transacting public business.” This statute is not limited in application to regular or formal meetings, but applies to the gathering or meeting of a public body for the purpose of transacting public business, whenever a quorum is present, whether or not a vote of the members is taken (Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh, 60 AD2d 409, affd 45 NY2d 947; Matter of Binghamton Press Co. v Board of Educ., 67 AD2d 797; Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees of Oneonta School Dist, 66 AD2d 51; cf. Matter of Daily Gazette Co. v North Colonie Bd. of Educ., 67 AD2d 803). The statute encompasses an informal gathering of a quorum of a public body on notice to discuss business (Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh, supra; Matter of Sciolino v Ryan, 81 AD2d 475; Matter of Britt v County of Niagara, 82 AD2d 65).
The Open Meetings Law is designed to foster public awareness not to assure public participation. The statute provides that “the court shall have the power, in its discretion, upon good cause shown, to declare any action or part thereof taken in violation of this article void in whole or in part”, and that “[a]n unintentional failure to fully comply with the notice provisions required by this article shall not alone be grounds for invalidating any action taken at a *702 meeting of a public body.” (Public Officers Law, § 102, subd 1.) Every violation of the Open Meetings Law does not therefore automatically trigger enforcement sanctions (Matter of New York Univ. v Whalen, 46 NY2d 734, 735).
On a motion to dismiss, the court must assume the truth of the allegations of the petition and construe the petition in a light most favorable to petitioner (Hondzinski v County of Erie, 64 AD2d 864; Matter of Mitchell v Yates County Sheriff’s Dept., 94 Misc 2d 724; Matter of Marine Midland Nat. Bank of Southeastern N. Y. v Village of Liberty, 58 Misc 2d 362).
Construing the challenged pleading in this light, the petition fails to state a cause of action. Here’s why: The budget was adopted after a public hearing in which all were afforded the opportunity to comment. Moreover, the record is clear that there was considerable deliberation by numerous village officials with respect to changes and revisions of the tentative budget. These revisions could not be, and absolutely were not, the product of an apparently brief single, informal gathering (that may or may not have occurred by design) as claimed by petitioner. Certainly,. there is no statutory requirement that a further hearing or discussion be formally scheduled prior to making such revisions on the tentative budget. Also, there is an emphatic denial that there was any discussion of municipal business in violation of the Open Meetings Law.
Not every assemblage of the members of a public body is intended to fall within the definition of “meeting” under the Open Meetings Law. The affidavits of Messrs. Kerner and Hammond not only conceded that they were present for only a part of the alleged “back-room” meeting, but offer nothing to establish what was being said when they were present or even how long the meeting lasted. The affidavits, at best, establish that Kerner and Hammond informed the gathering that they declined participation in any budget discussion due to their claimed lack of information regarding the majority’s intended changes or alterations. This is clearly insufficient to warrant the judicial relief now sought by petitioner since such relief can be granted only upon a showing of good cause (Public Officers Law, § 102, subd 1). To fault the majority for having *703 gathered preliminarily to the formal public adoption of the revised budget (given the lack of any evidence of a violation of the Open Meetings Law) appears completely unwarranted. To hold otherwise would be to improperly inhibit even the briefest and most innocuous gathering of the membership before a public meeting. It is not in the best interests of good government to make suspect ordinary conduct of governmental procedures and certainly much more than has been offered in this instance is necessary to justify the nullification of this budget which for all practical and legal purposes has been duly adopted, albeit in an atmosphere of contention among various officials vying for public attention and acceptance of their differing viewpoints.
The cross motion to dismiss is granted and the petition is dismissed.
EMPLOYMENT OF COUNSEL
It is settled that an attorney may not be compensated for services rendered a municipal board or officer unless he has been retained in accordance with statutory authority (Seif v City of Long Beach, 286 NY 382; Lyddy v Long Is. City, 104 NY 218; Corning v Village of Laurel Hollow, 48 NY2d 348). The power to employ counsel by a municipal board or officer is not deemed to be incidental to such board or officer. Express authority must be shown to justify the retention of an attorney (Matter of Kay v Board of Higher Educ., 260 App Div 9; Reynolds v President & Trustees of Vil. of Ossining, 102 App Div 298).
Notwithstanding lack of specific statutory authority, a municipal board or officer possesses implied authority to employ counsel in the good-faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refused to act or was incapable of or was disqualified from acting (Cahn v Town of Huntington, 29 NY2d 451; Zablow v Incorporated Vil. of Freeport, 41 Misc 2d 803; Moffatt v Christ, 74 AD2d 635). Here, respondents Hammond and Kerner merely disagree with the majority of the board of trustees and have failed to demonstrate that bona fide efforts were made to resolve the controversy with the remaining members of the board. There has been no alie *704 gation or proof that the attorney for the village refused to act, was incapable of acting or was otherwise disqualified from acting. This was not a good-faith defense of litigation, but a personally motivated attempt by all involved to obtain public approbation of different budgets. Clearly distinguishable from this proceeding is Matter of Gathard v Ward (Supreme Ct, Nassau County, index No. 13396/79, Oct. 16, 1979, Murphy, J.) where there was an overt violation of due process contrary to statutory requirements and the public interest in thwarting illegal conduct.
To permit the retention of an attorney every time one member of the board of trustees disagrees with the majority is certainly not in the public interest and would lead only to confusion and contradiction in the direction of the village’s litigation.
The cross motion to appoint independent counsel is denied.