■ In the Matter of DARLENE HUMPHREY et al., Individually and as Members of Lancaster Village Board, Appellants, v ARTHUR POSLUSZNY, as Mayor of the Village of Lancaster, et al., Respondents. (Appeal No. 1.)—Judgment reversed on the law with costs, judgment granted in accordance with Memorandum, and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum:

The issue presented on appeal in this CPLR article 78 proceeding is whether a certain meeting of respondents and members of the Village Police Benevolent Association, held on May 6, 1990, violated the Open Meetings Law (Public Officers Law §§ 100-111). Respondents are trustees who together constitute the majority of the Lancaster Village Board. They are also members of the Independent Party of the Village of Lancaster. Petitioners assert that the May 6, 1990 meeting constituted a meeting of a public body subject to the provisions of the Open Meetings Law. We agree. Preliminarily, we note that this proceeding, seeking article 78 relief, should be converted to a declaratory judgment action (see, CPLR 103 [c]; *Kamhi v Town of Yorktown,* 141 AD2d 607, 609, *affd* 74 NY2d 423; *Matter of Sacco v Maruca* [appeal No. 1], 175 AD2d 578 [decided herewith]).

We reject respondents' contention that the May 6, 1990 meeting was exempt from the requirements of the Public Officers Law, relating to open meetings, because that meeting constituted a "political caucus" of the Village of Lancaster Independent Party (see, Public Officers Law § 108 [2] [a], [b]). It is undisputed that a quorum of the Village Board was present at the meeting. When the Legislature amended the Public Officers Law in 1985 (L 1985, ch 136, § 1), it implicitly rejected the reasoning in *Matter of Sciolino v Ryan* (81 AD2d 475, *affg* 103 Misc 2d 1021) that exempt meetings of political caucuses were those discussing private matters of a political party as opposed to public business. The Legislature found that the public interest was promoted by "private, candid exchange of ideas and points of view among members of each political party concerning the public business to come before legislative bodies" (legislative declaration, L 1985, ch 136, § 1). Nonetheless, what occurred at the meeting at issue went beyond a candid discussion, permissible at an exempt caucus, and amounted to the conduct of public business, in violation of Public Officers Law § 103 (a) (see, Public Officers Law § 100). Accordingly, we declare that the aforesaid meeting was held in violation of the Open Meetings Law.

In view of our determination, we do not address petitioners' argument that the Election Law definition of a "political party" (see, Election Law § 1-104 [3]) should be used for the purpose of interpreting the provisions of the Public Officers Law relating to open meetings.

Finally, we remit the matter to Supreme Court for a determination of whether petitioners are entitled to an award of

"costs and reasonable attorney fees" pursuant to Public Officers Law § 107 (2) and, if so, the amount thereof.

All concur, except Doerr, J. P., and Lawton, J., who dissent in part and vote to modify, in the following Memorandum.

Doerr, J. P., and Lawton, J. (dissenting). We agree with Supreme Court, adding only that the proceeding should have been converted to a declaratory judgment action and a declaration made that the meeting conducted by respondents fell within the exemption contained in Public Officers Law § 108 (2) (b). (Appeal from Judgment of Supreme Court, Erie County, McGowan, J.—Article 78.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ. *[See,* 148 Misc 2d 848.]