Charles H. Clark, Esq. Informal Opinion No. 99-31 Village Attorney Village of Canajoharie P. O. Box 180 Canajoharie, New York 13317-0180
Dear Mr. Clark:
You have asked several questions about the Village's obligation to supply water to current customers who are owners of property located outside the territorial limits of the Village ("non-resident owners"). In your opinion request and in subsequent telephone conversations, you explained that the Village's water supply source is located several miles outside the Village. Approximately forty years ago the Village obtained easements over private property to lay and maintain a water main running from the source to the Village. Since that time, the water has been treated at its source to make it potable and then has been piped to the Village through the main.
You have advised us that the easements do not obligate the Village to supply water to the non-resident owners of the property through which the main passes. The Village has, however, entered into "Water Connection and Use Contracts" with non-resident property owners and tenants who live along the main's route. The contracts authorize the parties to connect water lines to the main and set rates for the use of the water. The contracts state that the Village will supply pipes, connections and parts from the point of connection with the main to the curb stop. Pipes and other materials necessary to lead the water from the curb stop to the premises are to be supplied by the customer. The contracts also provide:
 The said village of Canajoharie shall have the right to shut off the water on my premises at any time as the supply of water for the said Village of Canajoharie, or for its inhabitants may become insufficient, or if for any reason, the Village considers the supplying of the water to my premises detrimental to the interest of said Village or to its inhabitants.
The contracts also provide that the Village may revoke permission to use the water upon 30 days' written notice.
You have informed us that the Village has received a grant to renovate its water supply. Engineers planning the renovation have determined that the Village should no longer treat its water at the source. Instead, when the new system is in place untreated water will be piped to the Village for treatment. In the future, therefore, the main to which the Village's non-resident customers have connected their lines will carry only untreated water. You have advised us that the Village is willing to continue to permit these customers to draw untreated water from its main. You have asked whether it may do so or whether it must continue to supply potable water to the non?residents. You also have asked whether, if the Village is required to continue providing potable water, it must offer to pay for individual treatment systems or wells at the customer's option.
We conclude that the Village is not obligated to continue supplying potable water to property owners outside the territorial limits of the Village. The Village Law permits, but does not require, villages to
 sell to a corporation, individual or water district outside the village the right to make connections with the mains or reservoirs of such village for the purpose of drawing water therefrom and fix the prices and conditions therefor. Village Law § 11-1120.
The statute prohibits such sales if the water supply is not sufficient for the Village and its inhabitants. Id.
A village thus has no obligation to sell water to non-resident users. 1965 Op Atty Gen 62 (citing Matter of Penn-York Lanes, Inc. v. Village ofWaverly, 26 Misc.2d 150 [Sup Ct Tioga County 1960]). If a village contracts to sell water to an outside user, it may terminate its agreement at any time upon reasonable notice. Id. The Village's contracts specify that permission to use the Village water supply may be revoked upon thirty days' written notice. They also state that the Village may discontinue the water supply to non-resident customers if for any reason it determines that continuing the supply would be detrimental to the Village or its inhabitants.
Assuming the Village has provided the customers in question with reasonable notice that, due to the change in its treatment system, it will no longer be able to supply them with potable water, we believe it may discontinue the service without further obligation. In our view, under the facts presented reasonable notice means providing customers with sufficient time to arrange for other sources of water supply. If customers wish to receive untreated water, the Village may contract with them to supply it. Presumably the rates charged under such a contract would reflect the fact that the water is untreated and that the consumer would bear the additional expense of rendering it potable.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Solicitor General