OPINION OF THE COURT
John P. Lane, J.
In this action, plaintiff Daniel Warren seeks a judgment declaring that actions taken by the Erie County Legislature in December 2004 and February and March 2005 regarding adoption and amendment of the county budget for 2005 and seeking action by the State Legislature authorizing Erie County to increase its share of the sales and use tax was in violation of the County Charter and Open Meetings Law (Public Officers Law art 7). Initially, he moved for a preliminary injunction enjoining defendants from presenting a home rule message to the State Legislature seeking permission to increase the County’s share of the sales and use tax and expending any funds in excess of those provided for in the tentative budget submitted by the County Executive on November 5, 2004.
The Open Meetings Law provides that
“[i]t is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the *652 making of public policy.” (Public Officers Law § 100.)
Every meeting of a public body, such as the Erie County Legislature, must be open to the general public, except when an executive session is authorized by law (Public Officers Law § 103 [a]). Notice of such meetings shall be given to the news media and public generally (Public Officers Law § 104). On the facts of this case, the challenged meetings were not executive sessions of the Legislature.
Following a hearing on plaintiffs application for a preliminary injunction, this court determined that 10 Republican and Democratic legislators of the 15 member Erie County Legislature had met privately with the County Executive and his staff on December 8, 2004 to discuss the 2005 county budget, a subject then pending before the Legislature.* While the meeting was clearly a violation of the Open Meetings Law, there was no evidence that an agreement concerning the budget or sales tax proposal was reached. Thus, plaintiff failed to establish sufficient cause for overturning the resolutions on those subjects adopted later at a public session of the Legislature (see Matter of Malone Parachute Club v Town of Malone, 197 AD2d 120 [1994]), and plaintiffs motion was denied.
This case proceeded to a bench trial at which County Legislators Lynn Marinelli, Al DeBenedetti and Barry Weinstein testified. The parties agreed that the testimony taken at the hearing on plaintiffs application for a preliminary injunction be incorporated into the trial record. At the conclusion of the trial, the parties moved for summary judgment.
A private meeting in the Democratic chambers of the County Legislature attended by all eight Democratic legislators and County Executive Giambra, a Republican, took place on December 7, 2004, without notice to the news media or public. Discussions concerning the budget for 2005 then pending before the Legislature and possible funding compromises took place, although no agreements were reached. Defendants contend that this was a political caucus exempt from the Open Meetings Law under Public Officers Law § 108 (2) (a).
*653 The trial testimony confirmed the findings made on the application for the preliminary injunction that a two-thirds majority of county legislators consisting of both Republican and Democratic members met in a private law office with the County Executive on December 8 to discuss budget issues, including restoration of member items and patronage positions, in an attempt to reach a compromise, in violation of the Open Meetings Law. No notice of the meeting was given. It became heated and broke up without agreement. A public session of the Legislature followed at which a budget adoption resolution was approved.
By mid-February 2005, Erie County’s Sheriff, District Attorney, County Clerk and Comptroller had commenced actions against the County challenging budget cutbacks that had been enacted as a result of a projected deficit in the 2005 county budget caused by the failure of the County Legislature to approve an increase in its share of the sales and use tax by a two-thirds vote. At the time, these lawsuits had been assigned to Honorable Joseph G. Makowski, who appointed three mediators to assist the parties in their discussions concerning budget issues. On February 13, Justice Makowski convened a meeting in his chambers that was attended by all county legislators, the parties, mediators and County Executive. The following day, the legislators and mediators continued their discussions in a private meeting at Medaille College, without reaching any agreement. While media representatives were present, they were not allowed to attend that meeting.
On March 19, 2005, at least 10 members of the County Legislature, again representing both political parties, gathered with members of the State Legislature at the Donovan State Office Building. Discussions regarding state restrictions on the use of the County’s road reserve fund and what the state delegation could do to help resolve the County’s budget dilemma ensued, but no agreements were reached. No more than seven county legislators were in the room where the discussions took place at any time. Members of the news media had been notified of the meeting, but those who attended were excluded.
The Open Meetings Law defines a meeting as “the official convening of a public body for the purpose of conducting public business, including the use of videoconferencing for attendance and participation by the members of the public body” (Public Officers Law § 102 [1]). The Erie County Legislature is a public body and its members are required to comply with the provisions of the Open Meetings Law.
*654 Deliberations of political committees, conferences and caucuses are exempt from the Open Meetings Law when attended by members and adherents of the same political party and their staff and guests (Public Officers Law § 108 [2] [b]). The public interest is promoted by “private, candid exchange of ideas and points of view among members of each political party concerning the public business to come before legislative bodies” (Matter of Humphrey v Posluszny, 175 AD2d 587, 588 [1991], appeal dismissed 78 NY2d 1072 [1991]). Given the presence of the County Executive, the private assembly of the Democratic majority of the County Legislature on December 7, 2004 was not an exempt political caucus. Notice to the public and news media was required.
The Open Meetings Law does not apply to judicial or quasi-judicial proceedings (Public Officers Law § 108 [1]). Conferences held by members of the judiciary with attorneys or parties, whether in their courtrooms or chambers, are judicial proceedings within the meaning of the Open Meetings Law. The meeting at Medaille College attended by the legislators and mediators, however, was not a judicial proceeding and therefore does not qualify for the judicial exemption (id.).
The Donovan Building meeting between some members of the County Legislature who were seeking advice from members of the State Legislature and financial assistance from the State was not subject to the Open Meetings Law. This assembly did not constitute “the official convening of a public body for the purpose of conducting public business” (Public Officers Law § 102 [1]), and none of those present was engaged in “a governmental function” (Public Officers Law § 102 [2]). Rather, those members were seeking the advice of state legislators in an effort to restore fiscal stability to the county budget within available legal means. It was in the nature of an instructional session as opposed to one characterized by debate and decision.
‘ ‘The purpose of the Open Meetings Law is to prevent municipal governments from debating and deciding in private what they are required to debate and decide in public” (Matter of Gernatt Asphalt Prods, v Town of Sardinia, 87 NY2d 668, 686 [1996]). “[T]he Legislature, by enacting the Open Meetings Law, intended to affect the entire decision-making process and not merely formal vote taking as it is the ‘deliberative process which is at the core of [that law]” (Matter of Goodson Todman Enters, v City of Kingston Common Council, 153 AD2d 103, 105 [1990]; see also Matter of Sciolino v Ryan, 81 AD2d 475 [1981]). *655 Where, as here, more than a quorum of the County Legislature assembled on December 7 and 8, 2004 to discuss the adoption of the 2005 budget, a subject that had come before it earlier at meetings required to be open to the public, and on February 14, 2005 met to address a major deficit arising from the anticipated failure of its revenue estimates, violations of the Open Meetings Law occurred (see Goodson).
The court is mindful that the Open Meetings Law should be liberally construed (see Matter of Gordon v Village of Monticello, 87 NY2d 124 [1995]) and its objective to maintain openness of the legislative sessions of public bodies is of utmost importance in our society. In an action such as this, the court has “the power, in its discretion, upon good cause shown, to declare any action or part thereof taken in violation of [the Open Meetings Law] void in whole or in part” (Public Officers Law § 107 [1]). However, the Court of Appeals has ruled that “not every breach of the ‘Open Meetings Law’ automatically triggers its enforcement sanctions” (Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]).
In the absence of evidence that defendants attempted to mislead the court in describing what happened at the challenged meetings and a lack of prejudice to the public or a “persistent pattern of deliberate violation of the letter and spirit of the Open Meetings Law” by a public body (see Matter of Goetschius v Board of Educ. of Greenburgh Eleven Union Free School Dist., 281 AD2d 416, 417 [2001]), a sanction generally is not warranted (see Matter of Griswald v Village of Penn Yan, 244 AD2d 950 [1997]). In the absence of aggravating factors, the courts of New York do not routinely award injunctive relief and impose sanctions for nonprejudicial violations of the Open Meetings Law. It appears that there was a misunderstanding concerning the application of the judicial proceedings exemption to the meeting held at Medaille College, rather than a willful violation of the Open Meetings Law. Furthermore, the composition of the current Legislature, as a result of the November 2005 general elections, is markedly different than it was at the time the challenged meetings occurred. Thus, a permanent injunction against future violations of the Open Meetings Law by the Erie County Legislature is not in order.
It is adjudged that neither defendant Kevin M. Kelley, Clerk of the County Legislature, nor defendant County of Erie, is a public body subject to the Open Meetings Law or otherwise involved in the events of December 7 and 8, 2004 and February *656 14, 2005 and the complaint is dismissed as to them; plaintiffs claims that violations of the Open Meetings Law occurred on December 12 and 15, 2004 are unproven and likewise dismissed.
It is adjudged and declared that: (1) the meetings with the County Executive by eight Democratic members of the County Legislature on December 7, 2004 and by 10 Republican and Democratic members in a private law office on December 8, 2004 were subject to, and held in violation of, the Open Meetings Law; (2) the conference held by Justice Makowski on February 13, 2005 was a judicial proceeding and was not subject to the Open Meetings Law; (3) the meeting at Medaille College on February 14, 2005 attended by all members of the County Legislature was subject to and held in violation of the Open Meetings Law; (4) the meeting among members of the County Legislature and State Legislature on March 19, 2005 was not a meeting as defined in and subject to the Open Meetings Law; and (5) plaintiffs application for a permanent injunction is denied.

 December 8 was the deadline for the County Legislature to present a budget amended to include added or increased items of expenditures to the County Executive (Erie County Charter § 1803 [C]). Action to increase the County’s share of the sales and use tax without a referendum requires the affirmative vote of two thirds of the entire membership of the County Legislature (Erie County Charter § 1812).