■ In the Matter of ONEONTA STAR, DIVISION OF OTTAWAY NEWSPAPERS, INC., Appellant, v COUNTY OF SCHOHARIE et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered September 12, 1984 in Schoharie County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to declare closed meetings attended by Republican members of the Board of Supervisors of the County of Schoharie violative of the Open Meetings Law.

The Republican members of the Board of Supervisors of the County of Schoharie customarily conducted caucuses, not open to the public, and discussed matters of public interest to be voted upon at a later time by the full Board. Petitioner commenced this CPLR article 78 proceeding demanding an interpretation of the Open Meetings Law (Public Officers Law art 7) so as to require that the public be permitted to attend caucuses of the Republican members of the Board and directing that said members adhere to the court's interpretation. There was also a demand that petitioner be awarded its attorney's fees. Respondents consented to a determination in the nature of a declaratory judgment permitting the public to attend Republican caucuses whenever the attendance at said caucus was by a sufficient number of the members of the Board as to constitute a quorum of the latter body. Petitioner has appealed from that order.

During the pendency of this appeal, the State Legislature has enacted a bill, signed into law by the Governor, declaring that its intent in the enactment of prior legislation was not to prohibit political caucuses from considering public business to

come before legislative bodies and exempting such meetings from such law (L 1985, ch 136, eff May 31, 1985). This enactment is controlling as to the issues raised in the instant proceeding regarding public access to such assemblages. Because the legislative enactment is intended to be a declaration of preexisting law (L 1985, ch 136, § 1), petitioner is not entitled to its legal fees.

Judgment modified, on the law, without costs, by reversing so much thereof as declared that Republican caucuses of the Board of Supervisors of the County of Schoharie are subject to the provisions of the Open Meetings Law whenever enough members of the Board are present to constitute a quorum; declare that closed meetings attended by Republican members of the Board of Supervisors of the County of Schoharie are not violative of the Open Meetings Law; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.