OPINION OF THE COURT
Thomas F. McGowan, J.
This CPLR article 78 proceeding, brought by the minority of *849 the Lancaster Village Board (Board), raises the question whether the closed meetings held by the Board majority violate the Open Meetings Law (Public Officers Law §§ 100-111). The answer to that question hinges on whether the meetings are exempt as caucuses of a political party.
Public Officers Law § 108 (2) (a) exempts the deliberations of political caucuses from the provisions of the Open Meetings Law. Enacted in 1985, it represents the Legislature’s response to a series of judicial decisions which had, in that body’s collective judgment, "eroded” the political caucus exemption contained in former section 103 (2) (L 1985, ch 136, § 2; Sluzar, New York Abandons a Commitment to Open Meetings, 50 Albany L Rev 613, 622-624).
The line of cases overruled with the amendment of Public Officers Law § 108 (2) had held that political caucuses were exempt from the Open Meetings Law only if the agenda was limited to internal political business. Any discussion of public business required compliance with the Open Meetings Law (see, e.g., Matter of Britt v County of Niagara, 82 AD2d 65, 68; Matter of Sciolino v Ryan, 81 AD2d 475, 479).
Section 108 (2) (b), as amended, defines the "deliberations of political * * * caucuses” as: "a private meeting of members of the senate or assembly of the state of New York, or of the legislative body of a county, city, town or village, who are members or adherents of the same political party, without regard to (i) the subject matter under discussion, including discussions of public business, (ii) the majority or minority status of such political committees, conferences and caucuses or (iii) whether such political committees, conferences and caucuses invite staff or guests to participate in their deliberations”.
Even if the facts here are cast in a manner most favorable to petitioners, and it is assumed that public business was, and is regularly, discussed, the meetings of the majority of the Board under the aegis of the Independent Party are clearly the deliberations of a political caucus, and, as such, are exempt from the requirements of the Open Meetings Law. No other conclusion comports with the plain language of Public Officers Law § 108 (2) (a), (b), the clear intention of the Legislature to exempt such gatherings and the relevant case law (see, L 1985, ch 136, § 2; Matter of Oneonta Star v County of Schoharie, 112 AD2d 622).
The court finds petitioners’ contention that the Indepen *850 dent Party is not a political party contemplated by section 108 (2) (a) because it did not garner 50,000 votes in the last gubernatorial election to be without merit. That the Independent Party is not a political party as defined by the Election Law, but rather an independent body, is of no moment (see, Election Law § 1-104 [3], [12]). It is clearly a political party within the common meaning of the term (see, Matter of Madole v Barnes, 20 NY2d 169, 174). It is therefore ordered that petitioners’ article 78 petition is dismissed.