OPINION OF THE COURT
Joseph R. Glownia, J.
Petitioners seek an order declaring a meeting held February 8, 1992 in violation of Public Officers Law article 7 and a *401 prospective order that all meetings at which the budget crisis is discussed will be open to the public.
Periodically since November 1991 several closed meetings were held by various members of the Buffalo Common Council to discuss the current budget crisis. The closed meeting which is the subject of this proceeding was held at the Buffalo Hilton Hotel on Saturday, February 8, 1992. It was attended by eight members of the Common Council, constituting a quorum, and the petitioners sought, and were denied, access to this meeting under Public Officers Law article 7.
On the same day as the meeting, a public statement by Common Council member Eugene Fahey, stated in substance, that the purpose of the closed meetings is to adopt in private a proposed plan to address the deficit before "going public” to debate whether such a plan will be accepted. Upon inquiry by the court, respondent indicated it did not contest the accuracy of the above characterization of Mr. Fahey’s statement.
Respondent argues that the meeting was properly closed because all of the attendants of the Buffalo Common Council were members of the same political party and, therefore, the meeting was exempt under Public Officers Law § 108 (2).
Section 108 (2) provides in applicable part that the provisions of article 7 shall not apply to:
"a. deliberations of political committees, conferences and caucuses.
"b. for purposes of this section, the deliberations of political committees, conferences and caucuses means a private meeting of members of the senate or assembly of the state of New York, or of the legislative body of a county, city, town or village, who are members or adherents of the same political party, without regard to (i) the subject matter under discussion, including discussions of public business, (ii) the majority or minority status of such political committees, conferences and caucuses or (iii) whether such political committees, conferences and caucuses invite staff or guests to participate in their deliberations”.
In 1985 when the Legislature amended section 108 it included in its accompanying legislative declaration (L 1985, ch 136, § 1) a quotation from the Court of Appeals ease of Matter of Orange County Publs., Div. of Ottaway Newspapers v Council of City of Newburgh (45 NY2d 947, 949), "neither public nor private meetings of governmental bodies are inherently desirable or undesirable. Whichever kind of meeting is permit *402 ted or required, there are * * * off-setting losses and gains.” In this declaration the Legislature reaffirmed its intent to exempt deliberations of political committees, conferences or caucuses in furtherance of its recognition that the public interest is well served by the political party system in legislative bodies because they serve as "mediating institutions between disparate interest groups and government and promote continuity, stability and orderliness in government.” It further noted that to perform the function "requires the private, candid exchange of ideas and points of view among members of each political party concerning the public business to come before legislative bodies.” Upon this reasoning the Legislature clarified the political caucus exemption to assure it applied to such caucuses regardless of subject matter under discussion, including public business, the majority or minority status of the party or the presence of staff or guests. The amendment was an effort to correct judicial decisions which applied the exemption only to discussions of political business.
The Court of Appeals in Orange County (supra, at 949) also declared: "The purpose and intention of the State Legislature in the present context are interpreted as expressed in the language of the statute and its preamble.” The legislative intent, therefore, expressed in section 108, must be read in conjunction with the declaration of legislative policy of article 7 as set forth in its preamble, section 100. "It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the governmental process to operate for the benefit of those who created it.”
A literal reading of section 108, as urged by respondent, could effectively preclude the public from any participation whatsoever in a government which is entirely controlled by one political party. Every public meeting dealing with sensitive or controversial issues could be preceded by a "political caucus” which would have no public input, and the public meeting decisions on such issues would be a mere formality. Such interpretation would negate the Legislature’s declaration *403 in section 100. The Legislature could not have contemplated such a result by amending section 108 and at the same time preserving section 100. Therefore, it is necessary to determine if section 108 can be reasonably interpreted consistent with the declaration of section 100.
In Matter of Oneonta Star, Div. of Ottaway Newspapers v County of Schoharie (112 AD2d 622 [decided contemporaneously with amendment of § 108]) the court held that political caucuses are not subject to the Open Meetings Law, even where attendance at the caucuses by a sufficient number of members of the board constitutes a quorum of the board. That case was brought against the Board of Supervisors to compel meetings of the Republican members of the Board. The implication is that the Board of Supervisors contained other than Republican members and was a two or a multiparty board.
The Supreme Court of Erie County considered section 108 in a 1990 case, Matter of Humphrey v Posluszny (148 Misc 2d 848). In that case the court was called upon to rule whether closed meetings held by the board majority violated the law. Mr. Posluszny was the Mayor of Lancaster, New York and along with others, constituted the majority members of the Lancaster Village Board. There were minority party members on that board. Thus, Oneonta (supra) and Humphrey may be distinguished from the case at bar because both concerned caucuses of a multiparty board.
The common understanding of a political caucus is to discuss political posturing on public issues and that clearly falls within the exception of section 108 even though outsiders are invited, public issues are discussed, and a quorum is present.
However, if the discussion, as Councilman Fahey indicated in his public statement, is to adopt a proposed plan on a public issue without reference to political party posturing then it remains within the over-all intent of article 7. Citizens must remain fully informed if they are to retain control of their public servants. They must be able to observe those servants and the performance of their duties.
In a divided Legislature where a meeting is restricted to the attendance of members of one political party, regardless of quorum and majority status, perhaps by that very restriction it would be fair to assume the meeting constitutes a political caucus. However, such a conclusion cannot be drawn if the entire Legislature is of one party and the stated purpose is to adopt a proposed plan to address the deficit before going *404 public. In view of the over-all importance of article 7, any exemption must be narrowly construed so that it will not render section 100 meaningless. Therefore, the meeting of February 8, 1992 was in violation of article 7 of the Public Officers Law.
With regard to a prospective order, it would be difficult if not impossible to declare open every possible meeting by members of the Buffalo Common Council where the budget crisis may be discussed. When dealing with a Legislature comprised of only one political party, it must be left to the sound discretion of honorable and honest legislators to clearly announce the intent and purpose of future meetings and open the same accordingly consistent with the over-all intent of Public Officers Law article 7.