■ In the Matter of CONCERNED CITIZENS TO REVIEW THE JEFFERSON VALLEY MALL et al., Appellants, v TOWN BOARD OF THE TOWN OF YORKTOWN et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Yorktown, which, after a public hearing, approved a site plan for a regional shopping center, petitioners appeal from a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered September 25, 1980, which granted respondents' motions to dismiss the petition. Judgment affirmed, without costs or disbursements. In accordance with a prior order of this court *(Matter of Darswan, Inc. v Capellini,* 69 AD2d 835), respondent Darswan, Inc., submitted a proposed site plan for the development of a shopping center to respondent Town Board of the Town of Yorktown on June 19, 1979, and in furtherance of its application also provided the town board with a lengthy draft environmental impact statement (DEIS) as required by article 8 of the Environmental Conservation Law, the State Environmental Quality Review Act (SEQRA). A public hearing on Darswan's proposal was held on February 13, 1980, at which time interested parties were invited to comment upon the proposed site plan and the DEIS. At the hearing, petitioners took full advantage of this opportunity to detail what they perceived to be the drawbacks of the proposed plan, as well as the inadequacies in

the DEIS, and submitted in support of their position the reports of their experts. Later, petitioners supplemented this presentation with letters to the town board further detailing their concerns. At the close of the hearing, the town board requested that Darswan complete a final Environmental Impact Statement (EIS), which document was provided on March 7, 1980, and a notice of completion was posted. Petitioners again submitted letters setting forth their objections, and on April 15, 1980, the town board issued its 38-page decision approving the proposed site plan. In its decision, the board summarized the positions of all of the interested parties, noted their areas of concern, made findings of fact, and set forth conclusions which, in some respects, called for the modification of the Darswan proposal. Subsequently, on May 14, 1980, petitioners commenced the instant proceeding pursuant to CPLR article 78 mounting a wide-ranging attack upon the validity of the town board's decision. The sole issue worthy of discussion, however, concerns the allegation that the April 15 decision was arrived at in violation of the Open Meetings Law (Public Officers Law, art 7). In this regard, it is conceded that prior to rendering its decision at the public meeting on April 15, the town board and Darswan had met twice in closed session, allegedly for the purpose of discussing the litigation between them concerning the proposal. The town board asserts that no private agreement was reached during these executive sessions, and further notes that any modification in the Darswan proposal resulted from discussions appearing on the public record. This last contention is not disputed by the petitioners, but they nevertheless argue that the town board's approval should be voided on the basis of these two closed sessions. We disagree. The purpose of the Open Meetings Law is declared in section 95 of the Public Officers Law as follows: "It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal will prosper and enable the government process to operate for the benefit of those who created it." Thus, to effect its purpose subdivision (a) of section 98 provides: "Every meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with section ninety-five of this article." This general mandate is not without exception, however, as section 100 (subd 1, par d) permits a public body to go into executive session for the purpose of discussing proposed, pending or current litigation, and it is this exception upon which the town board and Darswan purport to rely. We cannot agree. The purpose of the foregoing exception was to enable a public body to discuss pending litigation privately, without baring its strategy to its adversary through mandatory public meetings (see comment, New York Open Meetings Law: A Critical Evaluation, 41 Albany L Rev 329, 343). Thus the provision should not be construed to shield private discussions between a public body and a private litigant from the general requirement that "public business be performed in an open and public manner" (Public Officers Law, § 95). To so hold would be to defeat the declared purpose of the article. Nevertheless, we affirm the judgment of Special Term dismissing the petition. Vacatur of an action taken in violation of the Open Meetings Law is committed to the court's discretion upon good cause shown (Public Officers Law, § 102, subd 1; see *Matter of New York Univ. v Whalen,* 46 NY2d 734). In view of the extensive litigation surrounding this matter, the ample opportunity provided for public comment (including, *inter alia,* a lengthy public hearing), and the undisputed assertion that any

modifications in the proposed site plan resulted from discussions appearing on the public record, it cannot be said that Special Term abused its discretion in concluding, in effect, that petitioners had failed to allege sufficient facts to warrant a finding of "good cause" to nullify the action of the respondent town board. We have considered petitioners' other contentions and find them to be without merit. Mollen, P.J., Damiani, Gulotta and Cohalan, JJ., concur.