OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-entitled proceeding, petitioner seeks an order declaring that the meeting of the Town Board of the Town of Cobleskill conducted on August 10,1981 violated certain provisions of the Public Officers Law, in that an executive session was conducted improperly, and, that said town board’s order directing reporter Les Hendrix to leave the executive session was not a lawful order.
The facts herein are not in dispute. During the town board meeting on the above date, the respondent board convened in executive session, allegedly pursuant to section 100 (subd 1, par d) of the Public Officers Law for the purpose of “discussions regarding proposed, pending or current litigation.” The executive session was commenced after a motion duly made and seconded and unanimously carried by all members of the town board. Respondent’s reporter refused to leave the meeting room, alleging that the board had not properly convened its executive session, resulting in his arrest and removal. Thereafter, in executive session, the respondent discussed proposed legal action pursuant to section 268 of the Town Law in relation to enforcing the Zoning Ordinance of the Town of Cobleskill, *304 pursuant to a petition filed with the board concerning the operation of a local tavern.
The Legislature, in enacting the Open Meetings Law (Public Officers Law, art 7) as part of the Public Officers Law, has declared that “[i]t is essential to the maintenance of a democratic society that the public business be performed in an open and public manner *** The people must be able to remain informed if they are to retain control over those who are their public servants.” (Public Officers Law, § 95.) Thus, the Legislature has indicated its intent to have the purpose of the article broadly construed so as to enable our government “to operate for the benefit of those who created it.” (Public Officers Law, § 95.)
Executive sessions are mandated only in those limited instances enumerated in section 100 of the Public Officers Law. These exceptions to the general rule must be narrowly scrutinized, lest the article’s clear mandate be thwarted by thinly veiled references to the areas delineated thereunder. In order to be validly convened there must be strict adherence to the procedure set forth therein. Said section requires that any decision to conduct an executive session must be made at an open meeting pursuant to motion, and upon a majority of the total membership. Such a motion must identify the general area or areas of the subject or subjects to be considered.
One of the enumerated purposes for the conducting of an executive session is “the discussion of proposed, pending or current litigation.” In the case at bar, discussion of proposed litigation pursuant to section 268 of the Town Law (enforcement of zoning ordinances) was an appropriate item for inclusion on the agenda of an executive session. However, in order to comply with the mandates of section 100 of the Public Officers Law, a second criterion is necessary. As aforesaid, any motion to go into executive session must “[identify] the general area” to be considered. It is insufficient to merely regurgitate the statutory language; to wit, “discussions regarding proposed, pending or current litigation.” This boilerplate recitation does not comply with the intent of the statute. To validly convene an executive session for discussion of proposed, pending or current litigation, the public body must identify with par *305 ticularity, the pending, proposed or current litigation to be discussed during the executive session. Only through such an identification will the purposes of the Open Meetings Law be realized. Democracy, like a precious jewel, shines most brilliantly in the light of an open government. The Open Meetings Law seeks to preserve this light.
In the case at bar, it is not controverted that the subject to be considered during the executive session was not revealed, and, thus, it was not properly convened. Accordingly, the petition shall be granted to the extent that it seeks an order declaring that the respondent conducted an executive session on August 10, 1981 in violation of the Public Officers Law. Remaining issues concerning the conduct of the employee of the defendant at the town board meeting in question are not the province of this court, and shall be resolved in the court where the disorderly conduct charges are pending.