■ RICHARD WEATHERWAX, Appellant, v TOWN OF STONY POINT, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the Town of Stony Point (1) to reinstate and continue health, dental and life insurance coverage for petitioner which was terminated at a meeting of the town board on February 9, 1982 and (2) to reimburse petitioner for all moneys which he has had to expend as a result of the termination of such benefits, petitioner appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated

November 9, 1982, which dismissed the proceeding. Judgment modified, on the law, and petition granted to the extent that petitioner is awarded reimbursement for moneys expended on health care as a result of the Town of Stony Point's termination of his health insurance benefits at the meeting of the town board on February 9, 1982, in accordance herewith. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for a determination of the amount to be awarded. The Town of Stony Point's decision to terminate postretirement health insurance benefits for petitioner was within its discretion and was not arbitrary or capricious. Therefore, the Supreme Court correctly denied his application to compel the town to reinstate and continue petitioner's insurance benefits. However, the town's actions, conducted in "executive session", were in violation of article 7 of the Public Officers Law. The purpose of article 7, as stated in section 95 thereof, is to ensure that "public business be performed in an open and public manner". Section 98 of the Public Officers Law, therefore, provides that "[e]very meeting of a public body shall be open to the general public". Section 100, however, contains certain exceptions to this general mandate wherein a public body may go into executive session. These exceptions "must be narrowly scrutinized, lest the article's clear mandate be thwarted by thinly veiled references to the areas delineated thereunder" (*Daily Gazette Co. v Town Bd.,* 111 Misc 2d 303, 304). Respondent herein relies on the exception contained in section 100 (subd 1, pars d, f), which respectively allow a public body to go into executive session in order to hold discussion regarding "proposed, pending or current litigation" and "the medical, financial, credit or employment history of a particular person". Respondent's reliance, however, is misplaced on both these exceptions. The purpose of paragraph d is "to enable a public body to discuss pending litigation privately, without baring its strategy to its adversary through mandatory public meetings" (*Matter of Concerned Citizens to Review Jefferson Val. Mall v Town Bd.,* 83 AD2d 612, 613). The belief of the town's attorney that a decision adverse to petitioner "would almost certainly lead to litigation" does not justify the conducting of this public business in an executive session. To accept this argument would be to accept the view that any public body could bar the public from its meetings simply by expressing the fear that litigation may result from actions taken therein. Such a view would be contrary to both the letter and the spirit of the exception. In relying on the exception contained in paragraph f, the town asserts that its decision "applied to a particular person, the Appellant herein". While the town board's decision certainly did affect petitioner, and indeed at the time the decision was made affected only him, the town board's decision was a policy decision to not extend insurance benefits to police officers on disability retirement. Presumably this policy decision will apply equally to all persons who enter into that class of retirees. Thus, it cannot be said that the purpose of the meeting was to discuss "the medical, financial, credit or employment history of a particular person". Having decided that the town board held its closed meeting in violation of article 7, it must be determined whether good cause was shown to void any or all of the board's actions (see Public Officers Law, § 102, subd 1). The town board's decision was made on February 9, 1982. The relevant discussion appeared on the published agenda under the vague heading "Discussion Regarding Health Insurance". Petitioner alleges that he was never told of the decision and was not aware that his insurance benefits had been terminated until May of 1982 when respondent's insurance carrier rejected a claim petitioner submitted for medical treatment he received in April of 1982. Petitioner further asserts that as of June 28, 1982 he had to expend $1,050 in health care payments that would otherwise have been covered under the town's policy. These allegations are not challenged by the

town. Because he was not aware of the board's decision, and was not put on notice by the agenda that the issue had even been considered, petitioner argues that he was deprived of the opportunity to obtain alternative coverage or of exercising his option to continue coverage with the respondent's carrier. Petitioner has shown "good cause" to void the board's decision. Although the town was not contractually required to provide petitioner with insurance coverage upon his retirement, it voluntarily did so for over one and one-half years after petitioner retired. Petitioner reasonably believed that such coverage was still in effect in April of 1982 and apparently incurred substantial medical bills during that period. If the meeting had been open pursuant to article 7 of the Public Officers Law, petitioner would have been put on notice that his coverage was terminated and he could have made alternative arrangements. Respondent's illegal action in closing the meeting, therefore, resulted in direct harm to petitioner. Accordingly, good cause having been shown, the action taken by the town board on February 9, 1982 regarding petitioner's insurance coverage is hereby declared void and so much of the judgment as denied petitioner money damages is reversed. The matter is remitted to the Supreme Court, Rockland County, for a determination of the amount petitioner was forced to spend on health care as a result of the town's termination of his benefits at the meeting on February 9, 1982, during the period from that meeting until the town board made or makes a valid determination terminating petitioner's benefits. Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.