■ MONROE-LIVINGSTON SANITARY LANDFILL, INC., Respondent-Appellant, v CARROLL BICKFORD, as Supervisor of the Town of Caledonia, et al., Appellants-Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this CPLR article 78 proceeding respondent Town Board of the Town of Caledonia appeals and petitioner Monroe-Livingston Sanitary Landfill cross-appeals from an order at Special Term directing a hearing before that court on matters connected with respondent's denial of petitioner's application for a permit to operate a landfill under a town ordinance. We reject respondent's argument that it was error to direct the hearing. The issue of fact to be tried at the hearing shall be limited to whether there was a rational basis for respondent's determination to deny petitioner's application on the basis of the provision in the ordinance that "[s]anitary landfill sites are prohibited in a major groundwater recharge area when their locations can be identified by reliable engineering investigations, or where it can be shown that public or private water supplies would be jeopardized by pollution". "[A]ny competent and relevant proof petitioner may have, bearing on the triable issue here presented and showing that any of the underlying material on which the [respondent] based its determination has no basis in fact, would be admissible" (Matter of Mandle v Brown, 5 NY2d 51, 65). The hearing is not, however, to be a trial de novo and " 'when the whole case comes to be decided upon the new testimony and the old, the court * * * is not to put itself in the position of the Board, [and] is not to substitute its own discretion for that of the [Board]' * * * Even where additional proof is taken the ultimate issue to be decided is still whether the action of the Board was arbitrary or capricious" (Thayer v Baybutt, 29 AD2d 486, 488, affd 24 NY2d 1018).

We hold that invalidation of the respondent's action pursuant to the Open Meetings Law (Public Officers Law, §§ 100-111) is not warranted and thus that issue need not be considered at the hearing. Notice of the three special meetings — all of which were scheduled less than one week in advance — was given to the local newspaper and posted in the Town Clerk's office in the same place where notice of the regular Board meetings was posted, on the same days as each of the three special meetings was scheduled and within "a reasonable time prior * * * to" the meetings (Public Officers Law, § 104, subd 2). Assuming, as

petitioner argues, that this does not constitute full compliance with the Open Meetings Law, we conclude in the exercise of our discretion that under all of the circumstances, including the fact that petitioner will have a full opportunity to present its case in the hearing before Special Term, invalidation (which would require a new proceeding before the Board) is not appropriate. Also, in the exercise of our discretion, we determine, based on the showing made here, that discovery is not necessary and that it would cause unwarranted and unproductive delay (see, generally, CPLR 408; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C408:1, p 527; Siegel, NY Prac, § 555, p 772). Our denial of discovery at this stage is without prejudice to an application addressed to the hearing court in its discretion for discovery of particular items upon a proper showing. Moreover, our denial should not be construed as a ruling as to the relevance of any testimony or item of evidence. The order is hereby modified to reflect these determinations. (Appeals from order of Supreme Court, Livingston County, Curran, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.