■ In the Matter of ORANGE COUNTY PUBLICATIONS, DIVISION OF OTTAWAY NEWSPAPERS, INC., Appellant, v COUNTY OF ORANGE et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to direct the respondents to comply with Public Officers Law § 105, which proceeding was converted, in part, by Supreme Court, *sua sponte,* pursuant to CPLR 103 (c), into an action for a declaratory judgment, the petitioner appeals from a judgment of the Supreme Court, Orange County (Jiudice, J.), dated April 18, 1985, which denied the application in its entirety.

Judgment reversed, on the law, with costs, petition granted to the extent that the respondents are determined to be in contempt, the respondents are fined $250, the petitioner is awarded attorneys' fees, and it is declared that the meeting held on December 6, 1984 by the Legislature of the County of Orange was a meeting within the meaning of the Open Meetings Law (Public Officers Law § 105), and matter remitted to Supreme Court, Orange County, for determination of the appropriate amount of counsel fees and entry of a judgment accordingly.

The respondents did not comply with the Open Meetings Law *(see,* Public Officers Law § 105). Their contentions that the executive session was called to discuss proposed, pending or current litigation *(see,* Public Officers Law § 105 [1] [d]), and the financial or credit history of a particular person *(see,* Public Officers Law § 105 [1] [h]), are no more than thinly veiled references to the areas delineated under section 105 *(see, Weatherwax v Town of Stony Point,* 97 AD2d 840, 841; *see also, Matter of Jefferson Val. Mall [Concerned Citizens to Review] v Town Bd.,* 83 AD2d 612, 613; *Daily Gazette Co. v Town Bd.,* 111 Misc 2d 303, 304-305; *Devitt v Heimbach,* 109

Misc 2d 463, 465-466, *mod on other grounds* 89 AD2d 920, *affd* 58 NY2d 925). Inasmuch as the respondents have been directed to comply with the Open Meetings Law by court orders, we find the respondents, in their persistent dereliction of the mandates of the statute, to be in contempt of court. Counsel fees are awarded pursuant to Public Officers Law § 107 (2). Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.