OPINION OF THE COURT
Nicholas Colabella, J.
In a CPLR article 78 proceeding, petitioner seeks, inter alia, to invalidate certain actions taken by respondents as arbitrary and capricious and in violation of the Open Meetings Law (Public Officers Law § 100 et seq.).
THE JUNE 18, 1987 EXECUTIVE SESSION
Initially in issue is the adequacy of notice of an executive session held June 18, 1987. Respondents maintain they provided such notice as was required by Public Officers Law § 104 (2). That subdivision applies to meetings that are scheduled less than one week beforehand, as follows: "Public notice of the time and place of every other meeting shall be given, to the extent practicable, to the news media and shall be conspicuously posted in one or more designated public locations at a reasonable time prior thereto.”
Respondents, however, provided no notice to the news media and only posted a single notice on a bulletin board in the school district’s offices. Although respondents fail to plead a specific time for the posting, it appears to have taken place on the date of the meeting itself. The court finds the extent of notice in this case to be inadequate.
Whether abbreviated notice is "practicable” or "reasonable” in a given case depends on the necessity for same. Here, respondents virtually concede a lack of urgency: They deny petitioner’s characterization of the session as an "emergency” and maintain nothing of substance was transacted at the meeting except to discuss the status of litigation and to authorize, pro forma, their insurance carrier’s involvement in negotiations. It is manifest then that the executive session could easily have been scheduled for another date with only minimal delay. In that event respondents could even have provided the more extensive notice required by Public Officers
*438 Law § 104 (1).* Only respondents’ choice in scheduling prevented this result.
Moreover, given the short notice provided by respondents, it should have been apparent that the posting of a single notice in the school district offices would hardly serve to apprise the public that an executive session was being called. This was especially egregious where notice could easily have been given at the public session held on June 15, 1987, or to be held on June 22, 1987.
In Matter of White v Battaglia (79 AD2d 880, 881, lv denied 53 NY2d 603), the court condemned an almost identical method of notice as the one at bar: "Fay Powell, then president of the board, began contacting board members at 4:00 p.m. on June 27 to ask them to attend a meeting at 7:30 that evening at the central offices, which was not the usual meeting date or place. The only notice given to the public was one typewritten announcement posted on the central offices bulletin board * * * Special Term could find on this record that appellants violated the * * * Public Officers Law (§ 99) in that notice was not given 'to the extent practicable, to the news media’ nor was it 'conspicuously posted in one or more designated public locations at a reasonable time prior thereto’ ” (emphasis added).
Furthermore, the notice violated Public Officers Law § 105 in only reciting the subject of discussion as "to discuss personnel matters and negotiations”. "To validly convene an executive session for discussion of proposed, pending or current litigation, the public body must identify with particularity, the pending, proposed or current litigation to be discussed during the executive session” (Daily Gazette Co. v Town Bd., 111 Misc 2d 303, 304-305). Mere regurgitation of the statutory language does not suffice for this purpose (supra, at 304) and respondents’ description here fell below even that standard.
Respondents’ justification for not publishing any of the minutes of the executive session on June 18, 1987, is equally without merit.
Public Officers Law § 106 (2) provides that "[mjinutes shall be taken at executive session * * * which shall consist of a record or summary of the final determination of such action, *439 and the date and vote thereon; provided, however, that such summary need not include any matter which is not required to he made public by the freedom of information law” (emphasis added).
Subdivision (3) of section 106 states that "[m]inutes of meetings of all public bodies shall be available to the public in accordance with the provisions of the freedom of information law within two weeks from the date of such meeting except that minutes taken pursuant to subdivision two hereof shall be available to the public within one week from the date of the executive session. ” (Emphasis added.)
The burden of demonstrating that materials are exempt under the Freedom of Information Law (Public Officers Law §84 et seq.) falls upon the party claiming the exemption (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75). In this case, the exclusion claimed is confined by statute specifically to "discussions” regarding litigation (Public Officers Law § 105 [1] [d]). Therefore, even assuming, arguendo, that the executive session called involved such discussions, this was no basis for respondents to avoid publication of minutes pertaining to the "final determination” of any action, and "the date and vote thereon”.
The fact that respondents characterize the vote as taken by "consensus” does not exclude the recording of same as a "formal vote”. To hold otherwise would invite circumvention of the statute.
Moreover, respondents’ interpretation of what constitutes the "final determination of such action” is overly restrictive. The reasonable intendment of the statute is that "final action” refers to the matter voted upon, not final determination of, as in this case, the litigation discussed or finality in terms of exhaustion of remedies.
THE MARCH 23, 1987 EXECUTIVE SESSION
Similarly, with regard to the March 23, 1987 executive session, it was incumbent upon respondents to establish a statutory exemption in order to avoid public scrutiny. Respondents have not met this burden. Specifically, they fail to deny petitioner’s allegation that the executive session included the counsel for the litigant suing them. Such participation disqualified the executive session under Public Officers Law § 105 (1) (d) (see, Matter of Concerned Citizens to Review Jefferson *440 Val. Mall v Town Bd., 83 AD2d 612, 613, lv denied 55 NY2d 604).
Notwithstanding, respondents maintain that petitioner’s claim regarding the March 23, 1987 meeting is barred by the Statute of Limitations. This is without merit since, pursuant to Public Officers Law § 107 (3), the "statute of limitations in an article seventy-eight proceeding with respect to an action taken at executive session shall commence to run from the date the minutes of such executive session have been made available to the public” (emphasis added). To the extent any action took place within the purview of Public Officers Law § 106 (2), therefore, petitioner’s claim is timely as no minutes were provided prior to this proceeding.
SANCTIONS
Whether to declare void any action taken by a public body in violation of the Open Meetings Law is a matter left to the court’s discretion to be exercised upon good cause shown (see, Matter of Sanna v Lindenhurst Bd. of Educ., 58 NY2d 626, 627; Matter of New York Univ. v Whalen, 46 NY2d 734, 735). As in White (79 AD2d 880, supra) the record at bar strongly suggests that respondents’ violations were not "unintentional” (see, Public Officers Law § 107 [1]), but calculated to minimize public awareness of respondents’ sensitive political decision to attempt settlement of a highly publicized matter. Such ongoing awareness is important in that it may well play a significant role in the degree of public concern about, and attendance at, future public sessions to approve a settlement. It may also influence the public’s future choices in the board. The public’s awareness, therefore, should be fostered through compliance with the Open Meetings Law. Accordingly, any actions voted upon by respondents at the March 23 and June 18, 1987 executive sessions with respect to said litigation are voided (Public Officers Law § 107 [1]).
Petitioner’s request for an award of attorney’s fees is denied in the exercise of discretion (cf., Matter of Orange County Publs. v County of Orange, 120 AD2d 596, 597).
The court has considered the parties’ remaining contentions and finds them to be without merit.
Petition is granted to the extent indicated herein.

 Public notice of the time and place of a meeting scheduled at least one week prior thereto shall be given to the news media and shall be conspicuously posted in one or more designated public locations at least 72 hours before such meeting.