■ In the Matter of NEW YORK HORSE AND CARRIAGE ASSOCIATION, Appellant, v COUNCIL OF THE CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK et al., Nonparty Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered January 29, 1990, which, *inter alia,* denied petitioner's motion for a preliminary injunction to enjoin enforcement of Local Laws, 1989, No. 89 of the City of New York and dismissed CPLR article 78 petition seeking to annul said Local Law. The order of the same court entered December 4, 1989, which, *inter alia,* denied injunctive relief, is unanimously affirmed, without costs.

The IAS court properly rejected petitioner's challenges to the passage of Local Laws, 1989, No. 89. Since petitioner's objections to Local Law No. 89 mainly concern the law's adverse economic impact on petitioner, and not its environ-

mental impact, petitioner lacks standing to assert a claim based on the State Environmental Quality Review Act ([SEQRA] ECL art 8; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433). To the extent petitioner raises an issue of possible environmental impact on Central Park, these concerns are not "specific" to petitioner or " 'different in kind and degree from the community generally' " *(supra,* at 433). In any case, SEQRA was unnecessary since Local Law No. 89 falls under the State regulation exempting certain types of actions from environmental review. (ECL 8-0113 [2] [c] [ii]; 6 NYCRR 617.13 [d] [15]; *see, Huggins v City of New York,* 126 Misc 2d 908, 912-913.) Furthermore, since there is a rational basis for respondents' decision that Local Law No. 89 would not have a significant effect on the environment, that finding may not be disturbed.

Equally meritless is petitioner's contention that Local Law No. 89 should be voided because of respondents' violations of articles 6 and 7 of the Public Officers Law. Respondents' unintentional failure to turn over portions of the hearing testimony did not undermine petitioner's ability to seek judicial review so as to constitute "good cause" for annulling the legislation (Public Officers Law [Open Meetings Law] § 107 [1]; *see, Matter of New York Univ. v Whalen,* 46 NY2d 734).

Finally, since the purpose of Local Law No. 89 is to regulate horse-drawn carriages which, as vehicles using the public streets, are clearly within the purview of the Committee on Transportation, the Council's assignment of Local Law No. 89 to that Committee was not jurisdictionally improper (NY City Charter § 41; Rules of Council, art VII, ch 7.00-a). Nor is Local Law No. 89 improper for embracing more than one subject (NY Const, art III, § 15; Municipal Home Rule Law § 20 [3]; NY City Charter § 36). Concur—Milonas, J. P., Ellerin, Kassal and Rubin, JJ.