■ In the Matter of PLATTSBURGH PUBLISHING COMPANY, DIVISION OF OTTAWAY NEWSPAPERS, INC., Doing Business as PRESS REPUBLICAN, Appellant, v CITY OF PLATTSBURGH et al., Respondents.—Mahoney, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered May 10, 1991 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* permanently enjoin respondent Common Council of the City of Plattsburgh from conducting executive sessions to discuss the elimination of City positions.

In the course of public meetings held on various dates during November and December 1990 regarding preparation of the 1991 budget, discussion was had by respondent Common Council of the City of Plattsburgh (hereinafter the Council) regarding laying off certain municipal personnel as a means of dealing with the fiscal crisis facing the City. During two of these public meetings in December, the Council voted to discuss matters related to the employment history and job performance of persons under consideration for layoff in executive sessions. A newspaper reporter employed by petitioner objected to the Council's actions, arguing that these discussions should be open to the public. In petitioner's subsequent formal request for a copy of the minutes of the executive sessions, it was advised that since no action was taken during the session by formal vote, no minutes were recorded. At a later public Council meeting, a resolution was adopted eliminating 11 City positions.

Contending principally that the Council's discussions during the executive sessions went beyond discussion of collective bargaining issues, employment history and job performance of employees under consideration for layoff and into the realm of discussing *which* generic category of positions were to be abolished, and that this latter subject was not properly one that could be had in executive session under Public Officers

Law § 105, petitioner thereafter commenced this proceeding, styled as a CPLR article 78 proceeding, seeking injunctive relief and a declaration that this action and the Council's additional failure to record minutes of the executive session constituted violations of Public Officers Law §§ 105 and 106 (2). Concluding that the Council's actions were within the parameters of the Open Meetings Law (Public Officers Law art 7), Supreme Court dismissed the petition.

Initially, we note that because the nature of the relief sought here is an injunction and a declaration that certain of the Council's actions were violative of the Open Meetings Law, this matter is not properly the subject of a CPLR article 78 proceeding *(see, e.g., Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 406-408). However, because there is no issue as to the presence of jurisdiction over the parties and as no prejudice is apparent, we exercise our authority to convert this proceeding into a declaratory judgment action *(see, e.g., Matter of Humphrey v Posluszny,* 175 AD2d 587, *appeal dismissed* 78 NY2d 1072).

Turning to the merits, we conclude that the probative evidence submitted establishes that the Council's discussions focused upon the job performance and employment history of particular individuals, and, as such, fell within the ambit of discussions of the "employment history of a particular person * * * or matters leading to the appointment, employment * * * dismissal or removal of a particular person" (Public Officers Law § 105 [1] [f]), making them the proper subject of executive session. We reject petitioner's assertion that Public Officers Law § 105 (1) (f) applies *only* to those situations where personnel action (i.e., promotion, dismissal, etc.) is warranted solely because of an employee's job performance or employment history and excludes those situations, as here, where personnel action is warranted as a result of fiscal constraints. The plain language of the statute does not contain any such limiting language and, in our view, reading such into it would serve only to obfuscate the provision and to defeat the obvious purpose thereof *(see,* Advisory Opn of State Committee on Open Government, Nov. 9, 1989; *cf., Town of Woodstock v Goodson-Todman Enters.,* 133 Misc 2d 12, 21-22; *but cf., Matter of Orange County Publ. Div. of Ottaway Newspapers v City of Middletown,* Sup Ct, Orange County, Dec. 26, 1978, Sweeny, J.). Nor do we believe that, under the circumstances, petitioner has satisfied its burden of establishing the existence of factual issues necessitating a trial on the issue of whether the Council members in fact limited their discussion during the

executive sessions to issues of certain individuals' employment histories and job performance.

Further, we hold that the absence of minutes of the subject executive sessions did not violate the Open Meetings Law as no formal vote was taken at those meetings (Public Officers Law § 106 [2]) and the binding decision to lay off City employees came not at an executive session but at an open meeting (see, Smithson v Ilion Hous. Auth., 130 AD2d 965, 967, affd 72 NY2d 1034). Lastly, in the absence of any proof of bad faith by respondents, an award of counsel fees is unwarranted.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, proceeding converted to an action for declaratory judgment and it is declared that respondents' actions have not been shown to be invalid.