[620 NYS2d 573]

In the Matter of VICTOR W. GORDON et al., Respondents, v
VILLAGE OF MONTICELLO, INC., et al., Appellants.

Third Department, December 29, 1994

### APPEARANCES OF COUNSEL

*Martin S. Miller, Village Attorney* of Village of Monticello, for Village of Monticello, appellant.

*Mark Lewis Schulman,* Monticello, appellant *pro se.*

*Loran Shlevin,* Cochecton, for Victor Gordon, respondent.

### OPINION OF THE COURT

CREW III, J.

On February 17, 1993, respondent Board of Trustees of the Village of Monticello (hereinafter the Board) conducted a public meeting. During the course of this meeting, a motion was made to enter into executive session to discuss "a legal issue, a personnel issue, and a contract issue".[1] The affidavits submitted by the respective Board members reflect that the "personnel issue" in question centered upon the evaluation of Stephen Oppenheim and James Oppenheim, both of whom were then acting as part-time Village Attorneys. The record further reveals that at some point during the executive ses-

---

1. The original transcript of the February 17, 1993 meeting indicates that the Board entered into executive session to discuss "personnel, a contract and a legal issue", while a corrected version of the transcript reflects that the motion was directed to discussion of "a legal issue, a personnel issue, and a contract issue". Although we deem any discrepancy in this regard to be inconsequential we adopt, for purposes of our decision in this matter, the description of the motion set forth in the corrected transcript.

sion, the discussion focused upon the option of creating the position of full-time Village Attorney. Thereafter, on February 26, 1993, James Malloy, the Village Manager, forwarded to respondent Mayor John Diuguid and members of the Board a transmittal detailing a proposed job description for such a position.

The Board held its next open meeting on March 1, 1993, at which time a resolution creating the position of full-time Village Attorney was introduced and passed. Diuguid appointed respondent Mark Schulman, then the Village Justice, to fill the position, and immediately following Schulman's resignation as Village Justice, Malloy appointed Diuguid to serve as Village Justice. Diuguid then resigned as Mayor, and the Board appointed respondent Deputy Mayor and Trustee Robert Friedland to serve as Mayor. Finally, Friedland appointed respondent Trustee David Rosenberg to fill the vacated position of Deputy Mayor and appointed respondent Gladys Walker to fill the vacant Trustee position.

Petitioners thereafter commenced this CPLR article 78 proceeding seeking, *inter alia,* a declaration that the Board's actions were in violation of the Open Meetings Law (Public Officers Law art 7).[2] Ultimately, after reviewing the parties' respective submissions, Supreme Court granted petitioners' application, and this appeal by respondents followed.

Respondents initially contend that the reason articulated by the Board for entering into executive session on February 17, 1993 was sufficient to satisfy the requirements of Public Officers Law § 105. We cannot agree. The Legislature has declared that "[i]t is essential to the maintenance of a democratic society that the public business be performed in an open and public manner" (Public Officers Law § 100). To that end, "[e]very meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with [Public Officers Law § 105]" (Public Officers Law § 103 [a]).

Insofar as is relevant to this appeal, Public Officers Law § 105 provides that the public may be excluded from an executive session that is called to discuss "the medical, finan-

2. As petitioners seek both declaratory and injunctive relief, this matter should not have been commenced as a CPLR article 78 proceeding, and we exercise our authority to convert this proceeding into a declaratory judgment action *(see, Matter of Plattsburgh Publ. Co. v City of Plattsburgh,* 185 AD2d 518, 519).

cial, credit or employment history of a particular person or corporation, or matters leading to the appointment, employment, promotion, demotion, discipline, suspension, dismissal or removal of a particular person or corporation" (Public Officers Law § 105 [1] [f]). In the event such a session is convened, the public body must identify the subject matter to be discussed *(see,* Public Officers Law § 105 [1]), and it is apparent that this must be accomplished with some degree of particularity, i.e., merely reciting the statutory language is insufficient *(see, Daily Gazette Co. v Town Bd.,* 111 Misc 2d 303, 304-305). Additionally, the topics discussed during the executive session must remain within the exceptions enumerated in the statute *(see generally, Matter of Plattsburgh Publ. Co. v City of Plattsburgh,* 185 AD2d 518, *supra),* and these exceptions, in turn, " 'must be narrowly scrutinized, lest the article's clear mandate be thwarted by thinly veiled references to the areas delineated thereunder' " *(Weatherwax v Town of Stony Point,* 97 AD2d 840, 841, quoting *Daily Gazette Co. v Town Bd., supra,* at 304; *see, Matter of Orange County Publs. v County of Orange,* 120 AD2d 596, *lv dismissed* 68 NY2d 807).

■ Applying these principles to the matter before us, it is apparent that the Board's stated purpose for entering into executive session, to wit, the discussion of "a personnel issue", does not satisfy the requirements of Public Officers Law § 105 (1) (f). The statute itself requires, with respect to personnel matters, that the discussion involve the "employment history of *a particular person" (ibid.* [emphasis supplied]). Although this does not mandate that the individual in question be identified by name, it does require that any motion to enter into executive session describe with some detail the nature of the proposed discussion *(see,* Advisory Opn of State Comm on Open Govt, Apr. 6, 1993), and we reject respondents' assertion that the Board's reference to "a personnel issue" is the functional equivalent of identifying "a particular person".

We similarly reject respondents' assertion that there was insufficient evidence in the record to permit Supreme Court to find that the Board decided to proceed with the creation of the full-time Village Attorney position while in executive session on February 17, 1993. The affidavits submitted by the respective Board members plainly reveal that the Board considered whether to create the full-time position and the resulting fiscal impact while in executive session and, in our view, such a discussion went beyond the permissible bounds of Public Officers Law § 105 (1) (f) *(see generally, Matter of Plattsburgh*

*Publ. Co. v City of Plattsburgh, supra; Daily Gazette Co. v Town Bd., supra).* Additionally, considering the contents of the respective affidavits, together with the transmittal from Malloy on February 26, 1993 and the timing of the resolution and the corresponding letters of resignation, we are of the view that Supreme Court could permissibly conclude that the Board did in fact opt to create the position of full-time Village Attorney while in executive session.

■ The remaining arguments advanced by respondents do not merit extended discussion. Although a violation of the Open Meetings Law does not automatically trigger injunctive relief, it is well settled that courts are empowered, as a matter of discretion and for good cause shown, to void any action taken by a public body in violation of Public Officers Law article 7 *(see,* Public Officers Law § 107 [1]; *Matter of New York Univ. v Whalen,* 46 NY2d 734, 735; *Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals,* 169 AD2d 73, 76, *lv dismissed* 79 NY2d 822). Here, not only did the Board stray beyond the confines of Public Officers Law § 105 (1) (f), but the Board's action resulted in a series of appointments of individuals to occupy otherwise elected positions which, in turn, effectively deprived petitioners of the opportunity to vote for the candidates of their choice. In view of the obvious prejudice to petitioners in this regard, we cannot say that Supreme Court abused its discretion in invalidating the Board's actions *(compare, Town of Moriah v Cole-Layer-Trumble Co.,* 200 AD2d 879, 881; *Matter of Malone Parachute Club v Town of Malone,* 197 AD2d 120, 124).

■ We do, however, agree with respondents that Supreme Court erred in awarding counsel fees to petitioners. Although Public Officers Law § 107 (2) vests courts with the discretion to award reasonable counsel fees to the prevailing party in a proceeding such as this, there is no indication in the record that the Board repeatedly has acted in violation of the Open Meetings Law or that its actions were undertaken in bad faith *(see, Matter of Plattsburgh Publ. Co. v City of Plattsburgh,* 185 AD2d 518, 520, *supra; compare, Matter of Orange County Publs. v County of Orange,* 120 AD2d 596, 597, *supra).* Respondents' remaining arguments have been examined and found to be lacking in merit.

MIKOLL, J. P., MERCURE, WHITE and YESAWICH JR., JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by converting this proceeding to an action for declaratory judgment and reversing so much thereof as awarded petitioners counsel fees, and, as so modified, affirmed.