OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This case raises the issue of the statutory discretion afforded trial courts to award costs and attorneys’ fees under New York’s Open Meetings Law (Public Officers Law §§ 100-111). Given the intentional and flagrant nature of the Open Meetings Law violations that took place, the trial court was fully justified in awarding attorneys’ fees under the statute.
 

 On February 17, 1993, the Board of Trustees of Monticello— the governing body of the Village — decided in closed, executive
 
 *126
 
 session to create the new position of full-time Village Attorney and to divide up by resignation and subsequent appointment various other elected leadership positions. At a public meeting two weeks later, the Board passed a resolution, as had been agreed previously, creating the position of Village Attorney. Within minutes, the elected Village Justice was appointed to the position of Village Attorney, the then-Mayor was appointed Village Justice, the then-Deputy Mayor was appointed Mayor, the Assessor’s office was abolished and the then-Assessor was appointed a Member of the Board. By the end of the meeting, every supposedly elected position had been redistributed, as privately prearranged by the Board at the earlier, closed meeting.
 

 Plaintiffs, citizens of Monticello, challenged these actions as violations of the Open Meetings Law
 
 (see,
 
 Public Officers Law 105). Both Supreme Court and the Appellate Division agreed, finding the Board’s machinations to be patently illegal and declaring them null and void (207 AD2d 55, 56-59). The factual and legal accuracy of those rulings is not even contested on this appeal.
 

 What is challenged is the trial court’s award of costs and attorneys’ fees pursuant to the statutory provision stating that "costs and reasonable attorney fees may be awarded by the court, in its discretion, to the successful party” (Public Officers Law § 107 [2]). The Appellate Division reversed that award as a matter of law, holding that in order for there to be an award of attorneys’ fees under the statute, there must be an "indication in the record that [defendant]
 
 repeatedly
 
 has acted in violation of the Open Meetings Law or that its actions were undertaken
 
 in bad
 
 faith” (207 AD2d, at 59 [emphasis added]). In so doing, the Appellate Division extended its dictum in
 
 Matter of Plattsburgh Publ. Co. v City of Plattsburgh
 
 (185 AD2d 518, 520) and erroneously engrafted an additional legal requirement onto the statute.
 

 The Open Meetings Law, passed in 1976 after the crisis of confidence in American politics occasioned by Watergate, was intended — as its very name suggests — to open the decision-making process of elected officials to the public while at the same time protecting the ability of the government to carry out its responsibilities
 
 (Sciolino v Ryan,
 
 81 AD2d 475, 477;
 
 Matter of Orange County Publs. v Council of City of Newburgh,
 
 60 AD2d 409, 418,
 
 affd
 
 45 NY2d 947;
 
 see also, Communications Sys. v Federal Communications Commn.,
 
 595 F2d 797, 800
 
 *127
 
 [interpreting 5 USC § 552b]).
 
 *
 
 Thus, the statute provides generally that "[e]very meeting of a public body shall be open to the general public” (Public Officers Law § 103 [a]). As the Legislature stated in its preamble to the statute: "It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials” (Public Officers Law § 100). Given this explicit declaration, it is clear that the provisions of the Open Meetings Law are to be liberally construed in accordance with the statute’s purposes
 
 (Matter of Orange County Publs. v Council of City of Newburgh,
 
 45 NY2d 947, 950 [Cooke, J., concurring],
 
 supra; Matter of Holden v Board of Trustees,
 
 80 AD2d 378, 381).
 

 Moreover, unlike New York’s Freedom of Information Law — a related statute enacted two years earlier (Public Officers Law art 6, L 1974, ch 578) — the Open Meetings Law contains no requirement, for an award of attorneys’ fees, that the information withheld from the public be of "clearly significant interest” and that there be no "reasonable basis” for withholding it
 
 {compare,
 
 Public Officers Law § 89 [4] [c]).
 

 As we explained in
 
 Matter of New York Univ. v Whalen,
 
 however, not every violation of the Open Meetings Law automatically triggers its enforcement sanctions (46 NY2d 734, 735;
 
 see also, Matter of Goodson Todman Enters. v City of Kingston Common Council,
 
 153 AD2d 103, 106). In contrast to the provisions of Federal and State civil rights laws, awards of attorneys’ fees under the Open Meetings Law should not be granted by courts to the prevailing party simply as a matter of course
 
 (compare, Matter of Thomasel v Perales,
 
 78 NY2d 561 [42 USC § 1988];
 
 Matter of Northeast Cent. School Dist. v Sobol,
 
 79 NY2d 598, 610 [20 USC § 1415];
 
 see also, Matter of New York State Clinical Lab. Assn. v Kaladjian,
 
 85 NY2d 346 [CPLR 8601]).
 

 Thus, as with awards of injunctive relief
 
 (see,
 
 Public Officers Law § 107 [1]), purely technical and nonprejudicial infractions (e.g.,
 
 Town of Moriah v Cole-Layer-Trumble Co.,
 
 200 AD2d 879;
 
 Monroe-Livingston Sanitary Landfill v Bickford,
 
 107 AD2d 1062) or wholly unintentional violations
 
 (e.g., Addesso v Sharpe,
 
 44 NY2d 925;
 
 Matter of New York Horse & Carriage Assn. v
 
 
 *128
 

 Council of City of N. Y.,
 
 169 AD2d 547;
 
 see also,
 
 Public Officers Law § 107 [1]) do not rise to the level of supporting an award of attorneys’ fees. Similarly, where the defendant has made a good-faith, reasonable effort to comply with the statute, attorneys’ fees may not be warranted
 
 (e.g., Matter of Clark v Lyon,
 
 147 AD2d 838;
 
 see also,
 
 Public Officers Law § 103 [b]).
 

 However, where — as here — the court finds that defendants’ actions "took place * * * in such a manner as to circumvent the Open Meetings Law quorum requirement”
 
 (see,
 
 Public Officers Law 105 [1]), that defendants later "stretched credulity” in describing their conduct to the court, that there was good cause shown to void the actions taken (Public Officers Law § 107 [1]), and that there had been "obvious prejudice” to plaintiffs as a result of defendants’ intentional and deceitful conduct, an award of fees is justified
 
 (Matter of Orange County Publs.,
 
 120 AD2d 596, 597,
 
 supra).
 
 This, after all, is not a case where the defendants merely failed to properly post notice of a public meeting
 
 (see, e.g., Matter of Britt v County of Niagara,
 
 82 AD 2d 65). Rather, what occurred here is that defendants — in blatant disregard of the public’s right to elect its own local officials — secretly decided to play what the trial court characterized as the game of "musical chairs” with each others’ jobs. Indeed, on this record, denial of a request for attorneys’ fees would constitute an abuse of discretion thereby obviating the need for remittal to the Appellate Division.
 

 Though, as the Appellate Division observed, the fact that a defendant has repeatedly violated the Open Meetings Law is certainly the kind of evidence that may justify an award of attorneys’ fees
 
 (see, Matter of Orange County Publs.,
 
 120 AD2d 596, 597,
 
 supra),
 
 that no such behavior was shown on the part of these defendants is of no moment since it is inconceivable that the Legislature had only such recidivist offenders in mind when it vested Trial Judges with the authority to award costs and fees in the first place. In fact, it is very often the possibility of recovering costs and attorneys’ fees that gives private citizens like plaintiffs the impetus they need to bring meritorious lawsuits to enforce the Open Meetings Law thus advancing the statutory policy of keeping New Yorkers better apprised of the actions of their elected officials.
 

 
 *129
 
 Accordingly, the order of the Appellate Division insofar as appealed from should be reversed, with costs, and the trial court’s award of attorneys’ fees reinstated.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order, insofar as appealed from, reversed, etc.
 

 *
 

 New York was the last State to pass what are commonly referred to as "government in the sunshine” laws (Whelan,
 
 New York’s Open Meetings Law: Revision of the Political Caucus Exemption and Its Implications for Local Government,
 
 60 Brook L Rev 1483 [1995]).