■ In the Matter of RIDGEWOOD-BUSHWICK SENIOR CITIZENS COUNCIL, INC., Respondent, v RUDOLPH W. GIULIANI et al., Appellants. In the Matter of BAY RIDGE CENTER FOR OLDER ADULTS et al., Respondents, v CITY OF NEW YORK et al., Appellants. In the Matter of RIDGEWOOD-BUSHWICK SENIOR CITIZENS COUNCIL, INC., Respondent, v RUDOLPH W. GIULIANI et al., Appellants. [642 NYS2d 662] —Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered on or about July 31, 1995, which granted petitioners' applications to annul the determination of respondent New York City Department for the Aging ("DFTA") awarding contracts for home care services to a for-profit enterprise, unanimously reversed, on the law, the petitions are denied for failure to state a cause of action, and this consolidated proceeding is dismissed, without costs.

This appeal involves a challenge to the fairness and lawfulness of the process by which certain home care services contracts were let by DFTA. Previously, all eight contracts had been let to not-for-profit enterprises. Four of the eight new contracts were let to Personal Touch, a for-profit enterprise, and are under challenge herein. The petitions allege that this turn of events was brought about by a shift in DFTA policy, manifested in a newly framed Request for Proposals, *inter alia*, which favored the award to the profit-making enterprise. Rejecting petitioners' due process claims, the IAS Court none-

theless found an unspecified unfairness in the bidding process, and upheld the petitions on the ground that the "apparent change in policies" resulting in award of the contracts to Personal Touch should have been preceded by an environmental "assessment", a procedure somewhat less formal than the Environmental Impact Statement called for in the State Environmental Quality Review Act (SEQRA; ECL 8-0109), but burdensome nonetheless (*see*, 6 NYCRR 617.5 [c], referring to the "Short" Environmental Assessment Form in 6 NYCRR 617.21 Appendix C; New York City Environmental Quality Review Regulations, 62 RCNY 5-05 [b] [1]).

The umbrella of laws designed to protect the environment should not be expanded in furtherance of litigation whose goal is purely economic relief. In general, standing to invoke judicial review of administrative action requires the petitioner to meet a two-pronged test: "a legally cognizable interest that is or will be affected by" the administrative determination, and which is " 'arguably within the zone of interest to be protected by the statute' " underlying the claim (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 413-414). In *Chinese Staff & Workers Assn. v City of New York* (68 NY2d 359), the Court of Appeals held that administrative action causing displacement of residences or businesses, resulting in potential shifts in population pattern or alteration in the character of a community or neighborhood, created an impact on the physical environment that would constitute a relevant claim under SEQRA.

The case at bar differs in two significant respects. First, there is no administrative action involved that might have a physical impact on the environment—no displacement of business in the community, no population shifts, no resultant traffic congestion, no commercial exploitation of ecologically sensitive areas—in short, none of the classic indicia of an environmental claim. Second, petitioners, who represent none but their own interests, stand to suffer no *environmental* impact whatsoever. Indeed, their purely economic interest confers on them no standing to pursue this environmental claim (*Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428; *Matter of New York Horse & Carriage Assn. v Council of City of N. Y.*, 169 AD2d 547, *lv denied* 78 NY2d 851). Though couched in environmental terms, these assertions amount to nothing more than economic injury, which is not within SEQRA's zone of interest (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761).

No environmental assessment was warranted. We have

examined petitioners' other claims and find them to be without merit. These petitions should have been denied in their entirety. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.