spondent on July 7, 1994, reported that petitioner was not disabled and could return to work. The school year ended before June 30, 1994, and thus, respondent did not expect her to return to her duties as a bus driver before the start of the next school year in September. Thus, at most, petitioner deprived respondent of her services for part of the month of September 1994. There is no evidence that, in her 10 years of service for respondent, petitioner engaged in improper conduct warranting discipline. Under the circumstances, the penalty imposed is so disproportionate as to be shocking to one's sense of fairness (*cf., Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). The maximum penalty warranted by the facts of this case is a one-year suspension. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Lunn, J.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.

■ DAVID M. SMITH, Appellant, v EASTMAN KODAK COMPANY, Respondent. (Appeal No. 1.) [646 NYS2d 486] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Stander, J. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.

■ DAVID M. SMITH, Appellant, v EASTMAN KODAK COMPANY, Respondent. (Appeal No. 2.) [— NYS2d —] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Stander, J. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.

■ AUBURN PUBLISHERS, INC., Doing Business as THE CITIZEN, Appellant, v KAREN NETTI et al., Respondents. [645 NYS2d 204] —Order unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner appeals from an order denying its application for attorney's fees pursuant to Public Officers Law § 107 (2). The court denied the application based upon its belief that it could award attorney's fees only where violations of the Open Meetings Law were repetitious or egregious; that belief is erroneous (*see, Gordon v Village of Monticello*, 87 NY2d 124, 126-128). We therefore remit the matter to Supreme Court for determination of the application in accordance with the standard set forth in *Gordon v Village of Monticello* (*supra*, at 126-128). (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Attorney's Fees.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.

■ LINDA SEARLE and Another, as Coadministratrices of the Estate of PAUL SEARLE, Deceased, et al., Respondents, v