OPINION OF THE COURT
Donald A. Greenwood, J.
This CPLR article 78 proceeding seeks to annul the decision of respondent Board of Education of the Jordan-Elbridge Central School District (hereinafter the Board) to terminate the employment of petitioner Anthony Scro as Treasurer of the Jordan-Elbridge Central School District. This matter was initially argued on November 23, 2010. The respondents were ordered to provide oaths of office to the court and the petitioner was required to supply his Freedom of Information Law requests to respondents by December 1, 2010. Subsequently, a conference was held with the court and counsel on December 8, 2010. The parties requested additional time for further discussions. By letters dated January 5, 2011, the parties informed the court that the matter had not been resolved.
According to the petition, the petitioner began service as Treasurer of the school district on October 31, 2007. On November 7, 2007 the Board adopted a resolution appointing him to the statutory office of School District Treasurer, effective October 31, 2007. Thereafter the Board reappointed petitioner at the beginning of the following three fiscal years at the annual reorganization meetings in July, each to a new 12-month term as Treasurer. Petitioner was last appointed on July 7, 2010 to that position by the Board to serve a one-year term, commencing July 1, 2010. The petitioner contends that as District Treasurer he is a statutory officer of the district and as such he cannot be removed from the term of his employment except through petition to the Commissioner of Education. Petitioner claims as a district officer the term of his employment must be for a 12-month term and the Board has no discretion in the term of appointment once made. While petitioner concedes he has no protected property interest to be reappointed for the next fiscal year, he maintains that he is entitled to due process pursuant to the New York State Education Law before he may be removed from his employment.
As the school district’s Treasurer, the petitioner is a public officer, and is thus entitled to all of the protections afforded to that position. (See Education Law § 2 [13]; see also Public Offi *1031 cers Law § 2.) In opposing the relief sought in the petition, the respondents contend that the petitioner failed to timely file an “Oath of Office” with respect to his reappointment as Treasurer, and that said failure is fatal to his claim.* As a public officer, the petitioner is required to file a timely and proper “oath of office.” (See Public Officers Law § 30.) The office is deemed vacant where, inter alia,
“[h]is refusal or neglect to file his official oath or undertaking, if one is required, before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term.” (Public Officers Law § 30 [1] [h].)
The respondents contend that petitioner’s term began on July 1, 2010 and the Board reappointed him on July 7, 2010 and that therefore the latest possible date for the petitioner to file his oath of office was Friday, August 6, 2010. The written oath of office was signed by the petitioner and acknowledged by Jeanette Brock, Clerk of the School District, on August 9, 2010, the following Monday.
The requirement for the taking and filing of an oath of office is not an obscure requirement, but instead is fundamental and of significant import inasmuch as a public officer working in the public sector is vested with the public trust; as such, the requirement is not waivable and is strictly construed. There is no doubt that if petitioner failed to file his oath of office within the requisite 30 days as required by the statute, the appointment would be vitiated and the office would be deemed vacant. (See Staniszewski v Lackawanna Mun. Hous. Auth., 191 AD2d 1048 [4th Dept 1993].) Moreover, the respondents would have no responsibility to declare the petitioner’s position vacant or to provide him with any specific notice. (See Boisvert v County of Ontario, 89 Misc 2d 183 [Sup Ct, Ontario County 1977], affd, 57 AD2d 1051 [4th Dept 1977].)
“The obligation imposed by the Public Officers Law statute is personal to [petitioner], it is an act he is required to do and the office became vacant by the *1032 mere failure to file the oath, whether or not the [respondents] knew or were chargeable with notice that [petitioner] had failed to file his oath, and they are not required to make any declaration or give any notice. On his default in filing his official oath the appointment was vitiated and the office became vacant.” (Id. at 186 [internal quotations marks omitted].)
If the 30-day deadline elapses, the petitioner would have no ongoing or continuing right to hold the position of Treasurer. (See Matter of Comins v County of Delaware, 73 AD2d 698 [3d Dept 1979].)
This court must therefore determine the timeliness of petitioner’s execution of the oath of office and whether it occurred “within thirty days after notice of his appointment, or within thirty days after the commencement of such term,” as provided in the statute. (Public Officers Law § 30 [1] [h] [emphasis added].) There is no question that the petitioner’s term commenced on July 1, 2010 and the appointment did not take place until the School Board’s reorganizational meeting of July 7, 2010. The execution did not occur within 30 days of those dates. The Education Law addresses the issue of notice and provides that it is the duty of the school district clerk to
“give notice immediately to every person elected or appointed to office of his election or appointment; and also to report to the town clerk of the town in which the schoolhouse of his district is situated, the names and post-office addresses of such officers, under a penalty of five dollars for neglect in each instance.” (Education Law § 2121 [5].)
It is clear therefore that the Legislature specifically required notice to an officer and not simply action of the Board. Jeanette Brock, the School District Clerk, was therefore obligated to discharge her statutory duty under the Education Law by providing notice to each officer of his appointment and this constituted a condition precedent to the officers’ execution of the oath. In other words, the 30 days did not begin to run until Brock provided notice. Brock’s affidavit indicates that she “caused to be distributed” to all officers required to sign the oath of office form that form “within three to four business days of the reorganization meeting,” which occurred on Wednesday July 7, 2010, thereby properly discharging her statutory duty and on behalf of the Board providing notice to the appointees of the action taken by the School Board at the previous *1033 Board meeting. (Brock affidavit, Oct. 27, 2010, para 3.) Assuming the facts alleged by Brock to be true and viewed in the light most favorable to the respondents, Brock provided the petitioner with notice on either July 12th or July 13th, and as such the August 9th execution of the oath was timely, inasmuch as it occurred within either 27 or 28 days of the notice. Since petitioner timely executed his oath of office, he is entitled to all protections afforded to that position. (See Education Law § 2 [13]; §§ 306, 2112, 2130.) As such, the petitioner cannot be removed during the term of his employment except through petition to the Commissioner of Education, and the Board’s action in terminating his employment violated the petitioner’s statutory rights and is therefore null and void and ultra vires.
Now, therefore, for the foregoing reasons, it is ordered, adjudged and decreed, that the actions of respondent Board of Education of the Jordan-Elbridge School District in terminating the petitioner’s employment violated his statutory rights and was therefore null and void and ultra vires, and it is further ordered, that the respondent Board of Education of the JordanElbridge Central School District is to immediately reinstate the petitioner to his office as District Treasurer as of the date of his purported termination and pay to him all back pay and associated benefits he would have been entitled to had the improper termination not occurred, and it is further ordered, that the respondent Board of Education of the Jordan-Elbridge Central School District is prohibited from taking action against the petitioner without the institution of a proper action with proper notice and charges pursuant to Education Law § 306 and any other relevant provision of the law.

 Although not a defense for the petitioner, it is interesting to note that prior to the filing of the petition the respondents never questioned the timeliness of the filing of petitioner’s oath of office. The respondents now allege that the petitioner executed his oath of office 31 days after the Board meeting, one day late by their calculation.