# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

161

CA 11-01659

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF DAVID ZEHNER,
PETITIONER-PLAINTIFF-RESPONDENT,

V                                               MEMORANDUM AND ORDER

BOARD OF EDUCATION OF JORDAN-ELBRIDGE CENTRAL
SCHOOL DISTRICT, RESPONDENT-DEFENDANT-APPELLANT.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered January 20, 2011 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, among other things, adjudged that respondent-defendant violated the Open Meetings Law on three separate occasions.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action alleging that respondent-defendant (respondent) engaged in a pattern of violating New York's Open Meetings Law (Public Officers Law § 100 *et seq*.) and seeking reimbursement for his attorney fees. We note at the outset that this is properly only a CPLR article 78 proceeding inasmuch as petitioner does not "challenge the constitutionality of any statutes or regulations" (*Matter of Custom Topsoil, Inc. v City of Buffalo*, 63 AD3d 1511, 1511).

We reject respondent's contention that Supreme Court erred in determining that it violated the Open Meetings Law on three occasions. "Every meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with [section 105]" (Public Officers Law § 103 [a]). At such an executive session, i.e., "that portion of a meeting not open to the general public" (§ 102 [3]), the topics that may be discussed are circumscribed by statute and include matters involving public safety, proposed, pending or current litigation, collective bargaining, and matters concerning the appointment or employment status of a particular person (§ 105 [1]).

The purpose of the Open Meetings Law is to prevent public bodies from debating and deciding in private matters that they are required to debate and decide in public, i.e., "deliberations and decisions that go into the making of public policy" (*Matter of Sciolino v Ryan*, 81 AD2d 475*; see Matter of Gordon v Village of Monticello*, 87 NY2d 124, 126-127, *revg* 207 AD2d 55 *insofar as appealed from on other grounds*). In this case, the court properly determined that respondent violated the Open Meetings Law on three occasions by merely reciting statutory categories for going into executive session without setting forth more precise reasons for doing so.  Given the overriding purpose of the Open Meetings Law, section 105 is to be strictly construed, and the real purpose of an executive session will be carefully scrutinized "lest the . . . mandate [of the Open Meetings Law] be thwarted by thinly veiled references to the areas delineated thereunder" (*Daily Gazette Co. v Town Bd., Town of Cobleskill*, 111 Misc 2d 303, 304 [Sup Ct, Schoharie County 1981]; *see e.g. Gordon*, 207 AD2d 55).

    We further reject respondent's contention that the court abused its discretion in awarding attorney fees to petitioner.  Pursuant to the Open Meetings Law, "costs and reasonable attorney fees may be awarded by the court, in its discretion, to the successful party" (Public Officers Law § 107 [2]).  Determining the appropriate remedy for respondent's actions is thus expressly a matter of judicial discretion (*see Matter of Sanna v Lindenhurst Bd. of Educ.*, 85 AD2d 157, 159, *affd* 58 NY2d 626), and we perceive no abuse of the court's discretion in awarding attorney fees to petitioner (*see Matter of Goetschius v Board of Educ. of Greenburg Eleven Union Free School Dist.*, 281 AD2d 416, 417).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court